# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| **BRUCE WHITE on Behalf of Himself and All Others Similarly Situated**<br>**320 South Garnett**<br>**Tulsa, Oklahoma 74128**<br><br>    Plaintiffs,<br><br>    v.<br><br>**CRST, INC.**<br>**c/o Statutory Agent**<br>**1300 East Ninth Street**<br>**Cleveland, Ohio 44114**<br><br>    Defendant. | CASE NO. 1:11-CV-2615<br><br>UNITED STATES DISTRICT JUDGE |

## CLASS ACTION COMPLAINT

**(Jury Demand Endorsed Hereon)**

Now comes the Plaintiff, Bruce White, on behalf of himself and all other similarly situated individuals and alleges the following claims:

## PRELIMINARY STATEMENT

1.   This is a class action on behalf of job applicants who were the subject of criminal background reports obtained by CRST, Inc. ("CRST") as a precondition of employment with CRST during the five-year period preceding the filing of this action (the "Class Period") seeking remedies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

## JURISDICTION AND VENUE

2.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in the Northern District of Ohio because CRST is subject to personal jurisdiction in this District, maintains a place of business in this District, and makes employment decisions regarding individuals residing in this District. 28 U.S.C. § 1391(c).

## PARTIES

4. Bruce White ("White") is a citizen of the State of Oklahoma and a "consumer" within the meaning of 15 U.S.C. § 1681a.

5. CRST is a for-profit corporation conducting business and hiring employees in the State of Ohio.

6. Further, CRST is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

## WHITE'S EMPLOYMENT EXPERIENCE

7. On September 10, 2009, White applied via facsimile for a commercial truck driver position with CRST.

8. Following a successful application process and interview, White was hired and advised to attend orientation.

9. On December 1, 2009 and while attending orientation, CRST engaged HireRight Solutions, Inc. ("HireRight") to provide a consumer report, which included public record information purportedly regarding White.

10. The information provided by HireRight to CRST was grossly inaccurate, reporting White as having been convicted of a felony offense, when in fact White had no such record. Contrarily, White's offense had been reduced to a misdemeanor prior to conviction.

11. At no time following White's in-person interaction with CRST during orientation,

2

did he receive a clear, conspicuous and stand-alone disclosure that a consumer report containing public record information would be obtained by CRST from a third-party vendor for employment purposes as required by 15 U.S.C. § 1681b(b)(2)(A) and 15 U.S.C. § 1681b(b)(2)(C)(ii).

12. HireRight and other consumer reporting agencies traffic in the reputations of job applicants by purchasing public records data from various sources and compiling the information into a separate database used to generate consumer reports for a fee upon request. Information regarding a particular individual is often mixed with other persons bearing a same or similar name, particularly when such persons also share a birth date.

13. Worse, consumer reporting agencies make this information available to employers instantly online, and rarely provide contemporaneous notice to job applicants that adverse information has been shared with a prospective employer.

14. Immediately after receiving White's consumer report from HireRight, CRST took adverse action against him by terminating him from orientation based in whole or in part upon the information contained in the report.

15. At no time did CRST provide White with any verbal or written notice that it intended to take adverse action by declining employment based upon the results of the report.

16. Moreover, White was not provided a copy of the consumer report or a summary of his rights as required by 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. § 1681b(b)(3)(C)(ii).

## ALLEGATIONS AS TO THE COMMON QUESTIONS

17. Upon information and belief, CRST has purchased consumer reports from consumer reporting agencies for many years, which CRST uses as a basis to take adverse action against job applicants.

3

18. CRST does not provide or obtain an appropriate disclosure and authorization from job applicants as required by 15 U.S.C. § 1681b(b)(2) prior to acquiring these consumer reports.

19. Further, CRST does not provide job applicants with pre-adverse action rights and notices promulgated under the FCRA, including a copy of the applicants' consumer report and a statement of the applicants' rights as required by Sections 604b(3) and 615a(3) of the FCRA.

20. CRST's violations of the FCRA have been willful, wanton and reckless in that CRST knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

21. 15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorneys' fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

22. Pursuant to F. R. Civ. P. 23, White brings this action on behalf of the Class initially defined below:

> Consumers residing in the United States who applied for employment with CRST, and about whom CRST procured a criminal background report for employment purposes during the application process.

23. White also alleges the following sub-classes, of which he is a member:

### Inadequate Disclosure and Authorization

a. Consumers residing in the United States who applied for employment with CRST, and during the application process, CRST procured a criminal background report or other consumer report without first, (i) providing the consumer(s) with a clear and conspicuous disclosure in writing in a document that consisted solely of the disclosure that a consumer report would be obtained for employment purposes, and (ii) obtaining the consumer'(s) proper written authorization to procure such consumer reports.

**Pre-Adverse Action Notice**

    b.    All employees or prospective employees of CRST who were the subject of a consumer report, which was used by CRST to make employment decisions during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, and who applied for employment in person and against whom CRST took adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by 15 U.S.C. § 1681b(b)(3)(A)(i);

    c.    All employees or prospective employees of CRST who were the subject of a consumer report, which was used by CRST to make employment decisions during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, and who applied for employment in person and against whom CRST took adverse action based in whole or in part on information contained in the consumer report before providing a description in writing of the rights of the consumer as required by 15 U.S.C. §1681b(b)(3)(A)(ii);

24.    Upon information and belief, the Putative Class exceeds 300 members. Information concerning the exact size of the Putative Class is within the exclusive possession of CRST.

25.    The Class Members are so numerous that joinder of all members is impracticable.

26.    White's claims are typical of the claims of the other Class Members as all Class Members were similarly affected by CRST's unlawful conduct in violation of the FCRA.

27.    White will fairly and adequately protect the interest of the Class Members and has retained counsel competent and experienced in complex class-action litigation. White is a member of the Class and does not have any interests antagonistic to or in conflict with the members of the Class. Further, White's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

28. Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members, including:

   a. Whether CRST violated 15 U.S.C. §1681b(b)(2)(A)(i) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

   b. Whether CRST obtained a written authorization to procure or cause to be procured consumer reports for employment purposes required by §1681b(b)(2)(A)(ii);

   c. Whether CRST provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof as required by 15 U.S.C. §1681b(b)(3)(A)(i); and

   d. Whether CRST provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee as required by 15 U.S.C. §1681b(b)(3)(A)(ii).

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

30. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

**COUNT ONE – CLASS CLAIM**
**DISCLOSURE AND AUTHORIZATION**

31. White realleges and incorporates by reference all preceding allegations of law and fact.

32. CRST willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) and 15 U.S.C. § 1681b(b)(2)(C)(ii) by failing to provide applicants and employees with a clear and conspicuous written disclosure in a document consisting solely of the disclosure that a consumer report may be obtained for employment purposes.

33. CRST willfully violated 15 U.S.C. § 1681b(b)(2)(A)(ii) and 15 U.S.C. § 1681b(b)(2)(C)(ii) by failing to obtain a valid authorization in writing from White and the Class Members to procure a consumer report for employment purposes.

34. White and the Class Members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

35. White and the Class Members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

36. In the alternative to the allegations that these violations were willful, White and the Class Members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

## COUNT TWO – CLASS CLAIM
## PRE-ADVERSE ACTION

37. White realleges and incorporates by reference all preceding allegations of law and fact.

38. CRST willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) and 15 U.S.C. § 1681b(b)(3)(C)(ii) by failing to provide a copy of the consumer report used to make an employment decision to White and the Class Members before taking adverse action that was based in whole or in part on that report.

39. CRST willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) and 15 U.S.C. § 1681b(b)(3)(C)(ii) by failing to provide a copy of the summary of rights required by this section

7

to White and the Class Members before taking adverse action that was based in whole or in part on a consumer report.

40. White and the Class Members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

41. White and the Class Members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

42. In the alternative to the allegations that these violations were willful, White and the Class Members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** White and the Putative Class respectfully pray for the following relief:

A. An order certifying the proposed classes herein pursuant to Fed. R. Civ. P. 23(b)(3) and appointing the undersigned counsel to represent same;

B. The creation of a common fund available to provide notice of and remedy CRST's unlawful conduct;

C. Statutory and punitive damages for all class claims; and

D. Attorneys' fees, expenses and costs.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

/s/ Matthew A. Dooley
Dennis M. O'Toole (0003274)
Anthony R. Pecora (0069660)
Matthew A. Dooley (0081482)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel: (440) 930-4001
Fax: (440) 934-7208
Email: dotoole@sheffieldlaw.com
apecora@sheffieldlaw.com
mdooley@sheffieldlaw.com

8

## **JURY DEMAND**

Plaintiffs, Bruce White and the Putative Class demand a trial by a jury as to all issues presented herein.

/s/ Matthew A. Dooley