# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE WHITE, on behalf of himself and all others similarly situated | ) ) ) | CASE NO.  1:11-CV-02615 |
| Plaintiffs, | ) ) ) | JUDGE:  JAMES S. GWIN |
| vs. | ) ) ) | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| CRST, INC. | ) ) | |
| Defendant. | ) | [Jury Demand Endorsed Hereon] |

Defendant CRST, Inc., ("CRST" or "Defendant"), by and through undersigned counsel, for its Answer to Plaintiff Bruce White's ("White" or "Plaintiff") Complaint in the above-captioned matter, hereby states as follows:

## PRELIMINARY STATEMENT

1. CRST admits that Plaintiff purports to bring this action pursuant to the Fair Credit Reporting Act ("FCRA") and that Plaintiff seeks class certification.  CRST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint and, therefore, denies the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 are a legal conclusion and no response is necessary.  If a response is deemed necessary, CRST admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The allegations contained in Paragraph 3 are a legal conclusion and no response is necessary.  If a response is deemed necessary, CRST admits venue is proper and denies the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4.  CRST is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and, therefore, denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.  CRST admits that it is a for-profit corporation that conducts business across the country, including in Ohio, and that it has hired employees from the State of Ohio.

6.  The allegations contained in Paragraph 6 are a legal conclusion and no response is necessary. If a response is deemed necessary, CRST denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## WHITE'S EMPLOYMENT EXPERIENCE

7.  CRST admits that on or about September 10, 2009, White applied to CRST via facsimile.

8.  CRST denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.  CRST denies that Plaintiff attended orientation on December 1, 2009. CRST admits that on December 1, 2009, it engaged HireRight to perform a criminal background check on Plaintiff.

10.  CRST is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint. CRST further states that this allegation is more appropriately directed towards an entity other than CRST.

11.  CRST denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.  CRST is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies the

allegations set forth in Paragraph 12 of Plaintiff's Complaint. CRST further states that this allegation is more appropriately directed towards an entity other than CRST.

13. CRST is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint. CRST further states that this allegation is more appropriately directed towards an entity other than CRST.

14. CRST denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. CRST denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The allegations contained in Paragraph 16 are a legal conclusion and no response is necessary. If a response is deemed necessary, CRST is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

**ALLEGATIONS AS TO THE COMMON QUESTIONS**

17. CRST admits that it has obtained consumer report for certain job applicants. CRST denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. CRST denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. CRST denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. CRST denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. The allegations contained in Paragraph 21 are a legal conclusion and no response is necessary. If a response is deemed necessary, CRST states that 15 U.S.C. §1681n(a) speaks for itself.

## CLASS ACTION ALLEGATIONS

22. CRST denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. CRST denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. CRST denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. CRST denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. CRST denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. CRST denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. CRST denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. CRST denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. CRST denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## COUNT ONE – CLASS ACTION
## DISCLOSURE AND AUTHORIZATION

31. CRST realleges and incorporates by reference its preceding admissions and denials as if fully rewritten herein.

32. CRST denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. CRST denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Plaintiff's allegations speak for themselves. CRST denies that Plaintiff and/or the class are entitled to recover the relief and/or damages sought therein.

35. Plaintiff's allegations speak for themselves. CRST denies that Plaintiff and/or the class are entitled to recover the relief and/or damages sought therein.

36. Plaintiff's allegations speak for themselves. CRST denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

## COUNT TWO – CLASS CLAIM
## PRE-ADVERSE ACTION

37. CRST realleges and incorporates by reference its preceding admissions and denials as if fully rewritten herein.

38. CRST denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. CRST denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Plaintiff's allegations speak for themselves. CRST denies that Plaintiff and/or the class are entitled to recover the relief and/or damages sought therein.

41. Plaintiff's allegations speak for themselves. CRST denies that Plaintiff and/or the class are entitled to recover the relief and/or damages sought therein.

42. Plaintiff's allegations speak for themselves. CRST denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## GENERAL DENIAL

43. CRST denies each and every allegation not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

44. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred because CRST is not the proximate cause of Plaintiff's injuries.

## FOURTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred by the doctrines of waiver, estoppel, acquiescence, or laches.

**FIFTH AFFIRMATIVE DEFENSE**

48. Plaintiff's claims are barred because he has failed to take reasonable steps to mitigate his alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

49. Plaintiff's claims are not appropriate for class certification.

**SEVENTH AFFIRMATIVE DEFENSE**

50. CRST is entitled to a set-off for any other settlements obtained by Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

51. Plaintiff may have released his right to assert this action based upon a settlement in a connected case.

**NINTH AFFIRMATIVE DEFENSE**

52. CRST utilized good faith and reasonable efforts to comply with all applicable statutes and regulations.

**TENTH AFFIRMATIVE DEFENSE**

53. CRST maintained reasonable procedures to ensure compliance with the provisions of the FCRA.

**ELEVENTH AFFIRMATIVE DEFENSE**

54. This case is not appropriate for class certification.

**TWELFTH AFFIRMATIVE DEFENSE**

55. CRST complied with all applicable provisions for the FCRA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

56. CRST's actions were not based in part or whole upon a consumer report.

## FOURTEENTH AFFIRMATIVE DEFENSE

57. The position Plaintiff applied for was a position over which the Secretary of Transportation has power pursuant to 15 U.S.C. §1561b.

## FIFTEENTH AFFIRMATIVE DEFENSE

58. At the time that CRST caused the consumer report to be procured, the only interaction between Plaintiff and CRST was via electronic means and was not in person.

## SIXTEENTH AFFIRMATIVE DEFENSE

59. CRST reserves the right to raise any and all separate defenses that may become evident during discovery and during other proceedings in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

60. CRST acted in good faith and without malice or intent to injure Plaintiff or any class members.

WHEREFORE, having fully answered, CRST respectfully requests this Court to dismiss Plaintiff's Complaint, with prejudice, with all costs to be borne by Plaintiff and to award CRST its costs and fees, including attorney's fees, incurred in the defense of the Complaint together with any other relief this Court deems just and proper.

Dated: January 23, 2012         Respectfully submitted,

 /s/ *Gregory J. Lucht*
ERIC LARSON ZALUD (0038959)
GREGORY J. LUCHT (0075045)
MOLLY MORAN LUKENBILL (0084315)
**BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-mail: ezalud@beneschlaw.com
          glucht@beneschlaw.com
          mlukenbill@beneschlaw.com
*Attorneys for Defendant CRST, Inc.*

## **JURY DEMAND**

Defendant CRST, Inc. demands a Trial by Jury on all issues so triable, by the maximum number of jurors permitted by law.

Dated: January 23, 2012          Respectfully submitted,

/s/ *Gregory J. Lucht*
ERIC LARSON ZALUD (0038959)
GREGORY J. LUCHT (0075045)
MOLLY MORAN LUKENBILL (0084315)
**BENESCH FRIEDLANDER**
**COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-mail: ezalud@beneschlaw.com
       glucht@beneschlaw.com
       mlukenbill@beneschlaw.com

*Attorneys for Defendant CRST, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was filed electronically on the 23rd day of January, 2012 in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

                                                */s/ Gregory J. Lucht*
                                                *One of the Attorneys for Defendant CRST, Inc.*