**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE WHITE, on behalf of himself and all others similarly situated | ) ) ) | CASE NO. 1:11-CV-02615 |
| Plaintiffs, | ) ) ) | JUDGE: JAMES S. GWIN |
| vs. | ) ) | **STIPULATION FOR THE PRESERVATION OF ELECTRONICALLY STORED INFORMATION** |
| CRST, INC. | ) ) ) | |
| Defendant. | | |

As required by Appendix K to the Local Rules for the United States District Court for the Northern District of Ohio ("Appendix K"), this Preservation Stipulation outlines the procedures required by the parties to preserve ESI (defined below) and to conduct e-discovery during the pendency of this lawsuit.

The parties' respective duties to preserve relevant information in this case shall include all relevant documents, ESI, and tangible items and things in the possession, custody, or control of the parties.

The duty to preserve Relevant ESI (defined below) under this Stipulation extends not only to the information itself, but also to the preservation of any software, hardware, or other items necessary for access to and effective utilization of the Relevant ESI.

**I.    DEFINITIONS**

    **A.    ESI**

    1.    ESI shall include, but is not limited to, the following types of electronically stored information:

    a.    <u>E-mails</u>:  Electronic mail ("e-mail") and attachments.

    b.    <u>Office documents</u>:  Word processing files, charts, presentations, and spreadsheets.

  c. <u>Databases</u>:  Databases containing information.

  d. <u>Image Files</u>:  Image files containing all file imaging documents, i.e., .pdf, .jpeg or .jpg, .tiff, etc.

 2. For purposes of this Stipulation, ESI means Active ESI kept in the ordinary course of business.  "Active ESI" is information readily available and accessible to computer users through existing file management programs.  Active ESI also includes backup format or a "snapshot" copy or a forensic image of the original storage media made and kept in the ordinary course of business, often created and stored on a periodic basis as defined by Paragraph 2(b) of Appendix K.  Nothing in this Stipulation, however, shall require a party to produce ESI "from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B).

 **B.** **Relevant ESI**

Relevant ESI means all ESI in the possession, custody, or control of the parties relevant to the allegations, claims, or stated defenses in the parties' briefs or pleadings.

**II.** **PROCEDURES**

 **A.** **Custodian, E-Discovery Coordinators, and Search Protocol**

Each party shall, <u>no later than two (2) weeks from the entry of this Stipulation</u>:

 1. identify the three (3) most relevant custodians of Relevant ESI (the "Custodians"); and

 2. briefly describe the job responsibilities of each Custodian and the electronic systems used by each during the relevant period for electronic discovery, including any electronic system that is identified as "limited accessibility" ESI.

**B.     Hold Notices**

<u>No later than two (2) weeks from the entry of this Stipulation</u>, the parties shall also certify to each other that notices have been issued to the Custodians apprising them of the following:

1. The nature of this litigation, along with the identity of the parties.
2. The duty to preserve and not alter all relevant information.

**C.     Capture of Relevant ESI**

Each party shall take the steps necessary to identify, segregate, and preserve Relevant ESI in its original or native format. If any party operates maintenance or janitorial software on its electronic systems that could destroy or alter Relevant ESI, it must be disabled or turned off while these proceedings are pending, or the Relevant ESI must be segregated so that it is not altered or destroyed or other reasonable steps taken to preserve such ESI. Each party shall not be required to segregate and preserve duplicate copies of Relevant ESI. The preservation duties contained in this Stipulation shall not prohibit a party from routine activities that involve the updating and manipulation of data, such as financial analysis and reporting and other data entry that reflects ongoing business activity. Such ESI (i.e., spreadsheets, accounting databases, inventory management files, etc.) need not be separately preserved after every modification so long as the data is maintained to accurately reflect such operations or activity.

**D.     Production of ESI**

All ESI should be produced (to the extent possible) as full-text searchable Summation Load Files. If the requesting party justifiably believes that production of ESI in native format of a particular document is necessary, it shall so inform the opposing party, and the parties shall then attempt to agree on an alternative format. If the parties cannot agree, either party may submit the issue to the Court for resolution.

The parties shall produce all Relevant ESI in black-and-white, single page, 300 DPI, Group IV TIFF image format along with a corresponding OCR file and Summation dii load file. The data to be included in production of Relevant ESI, to the extent it exists, consists of the following:

i) To
ii) From
iii) CC
iv) BCC
v) Date Sent
vi) Date Received
vii) Subject
viii) Parent ID
ix) Attach IDs
x) Custodian
xi) Document Title
xii) File Name
xiii) File Type
xiv) Author
xv) Recipients
xvi) Date Created
xvii) Date Modified
xviii) Document Date
xix) Document Type

**E.     Other ESI**

To the extent the parties locate any electronic files containing Relevant ESI, not otherwise addressed in this Stipulation, the parties shall meet and confer to determine the preservation of such documents.

**F.     Other**

The parties hereby agree that Paragraphs 5 and 6 of Appendix K are incorporated herein by reference. Furthermore, the parties agree that any privilege issues related to Relevant ESI shall be governed by Paragraph 8 of Appendix K.

By complying with this Stipulation, no party waives any objection to the production of the documents, tangible items or things, and ESI that is preserved. Furthermore, nothing contained herein relieves the parties of their obligations to preserve evidence under other applicable laws, procedures, or regulations.

Dated:  February 17, 2012                                                  Dated:  February 17, 2012

Respectfully submitted,                                                      Respectfully submitted,

 */s/ Matthew A. Dooley*                                                     */s/ Gregory J. Lucht*
Matthew A. Dooley (0081482)                                       Eric Larson Zalud (0038959)
Dennis O'Toole (0003274)                                              Gregory J. Lucht (0075045)
Anthony M. Pecora (0069660)                                       Molly Moran Lukenbill (0084315)
**STUMPHAUZER O'TOOLE**                                       **BENESCH FRIEDLANDER**
**MCLAUGHLIN MCGLAMERY &**                              **COPLAN & ARONOFF LLP**
**LOUGHMAN CO LPA**                                                200 Public Square, Suite 2300
5455 Detroit Road                                                            Cleveland, Ohio 44114-2378
Sheffield Village, OH 44054                                            Telephone:  (216) 363-4500
Telephone:  (440) 930-4001                                           Facsimile:   (216) 363-4588
Facsimile:   (440) 930-7208                                           E-mail: ezalud@beneschlaw.com
E-mail: mdooley@sheffieldlaw.com                                        glucht@beneschlaw.com
            dotoole@sheffieldlaw.com                                        mlukenbill@beneschlaw.com
            apecora@sheffieldlaw.com                              *Attorneys for Defendant CRST, Inc.*
*Attorneys for Plaintiff Bruce White*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically on the 17th day of February, 2012 in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

                                                            */s/ Matthew A. Dooley*