**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRUCE WHITE, on behalf of himself and all others similarly situated ) ) ) | CASE NO. 1:11-CV-02615 |
| ) | JUDGE: JAMES S. GWIN |
| Plaintiffs,  ) ) | |
| vs.  ) ) | **STIPULATED PROTECTIVE ORDER** |
| CRST, INC.  ) ) ) | |
| Defendant. | |

Plaintiff, Bruce White, and Defendant, CRST, Inc. (each of which are individually and/or collectively "the Parties" or a "Party"), by and through counsel, announce to the Court their agreement to the entry of this Protective Order.  This Protective Order shall apply to the production of documents, responses to interrogatory requests, and deposition testimony which may contain sensitive, confidential, proprietary, internal business information, and/or private information or materials for which special protection is warranted against public disclosure and against use for any purpose other than in connection with issues raised by any of the Parties in their pleadings in this action or on appeal.

The Parties hereby acknowledge the limitations on the disclosure and use of such information and hereby agree to the terms of this Protective Order.

Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information (including but not limited to Social Security Numbers), medical information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and

other information or documents that are publicly available may not be designated as CONFIDENTIAL.

IT IS, THEREFORE, ORDERED that:

(1) Documents produced by either Party or evidence solicited in this case and marked as "CONFIDENTIAL" shall be treated as confidential and may only be used by the Parties or their attorneys as described herein. Said documents and/or information shall not be used for any other purpose, nor disclosed to other persons (excluding those specifically set forth in this Order) without leave of this Court and upon finding that such document(s) or information does not contain such confidential or proprietary information or that the harm ensuing from such disclosure is insubstantial and outweighed by the public good.

(2) The documents and/or information shall not be copied or disseminated to persons other than the following: (a) counsel of record and members, associates, and employees of the firm to assist in the prosecution of this litigation; (b) experts and consultants retained by counsel to assist in the prosecution of this litigation; (c) deposition notaries; (d) deponents during the course of their depositions; (e) such officers and/or person regularly employed by each Party whose assistance, advice and consultation will be required by the Party in connection with preparation for trial or at trial of this action; and (f) the Court.

(3) Said documents shall be stamped "CONFIDENTIAL" and need not be filed with the Court as part of the Parties' discovery responses. Should any Party seek to file the documents or portions of same with the Court in support of a motion or otherwise as part of this litigation, the documents filed shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, and indication of the nature of the contents of such sealed envelope or container, the word "CONFIDENTIAL", and a statement substantially in the following form:

> This envelope containing documents is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court or consent of the Parties.

(4)     The producing Party shall retain the original documents, but any Party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy thereof, and to call for production of the original at the trial of this action.

(5)     For deposition testimony, interrogatory responses, documents or tangible things that are inadvertently produced without any designation of confidentiality, the producing Party may nevertheless thereafter assert the confidentiality of the documents or material as confidential.

(6)     During the pendency of the present litigation, when any documents, discovery material or testimony is designated as confidential, any Party objecting to the designation of any discovery material or testimony as confidential shall first submit its objection to the designating Party in writing through a letter, transmitted via hand-delivery, facsimile or electronic mail, to the Party's counsel.  The designating Party shall then have ten (10) days from its receipt of the written objection to either remove the designation or respond to the objection in writing through a letter, transmitted via hand-delivery, facsimile or electronic mail, stating the reasons why it believes the designation shall remain.  A failure to respond within the 10-day period shall be deemed as a waiver of the confidential designation.  Completion of this process shall satisfy the Parties' good-faith obligation to resolve a dispute regarding a confidential designation, and the Party objecting to such designation can then file a motion with this Court seeking to vacate the designation.  Prior to a ruling by the Court on any such motion, the discovery material or testimony in question shall be treated as confidential pursuant to this Protective Order.  The burden of proving the material or information sought in discovery is confidential shall be on the party making such designation.

(7) This Protective Order shall survive the final termination of this action, to the extent that the designated documents and the information contained in the confidential material is not made or does not become known to the public.  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within sixty (60) days after receiving notice of an entry of an order, judgment, decree, or agreement finally disposing of the present litigation, all persons having received confidential material, except counsel, shall destroy all such confidential material, all copies thereof, and all information derived therefrom.  Counsel may only retain such documents as needed to comply with their internal document retention policies.  Any and all confidential materials returned to the Parties or their counsel by the Court shall be handled in accordance with this paragraph.

(8) If a producing Party discovers that documents or information subject to the attorney-client privilege and/or work product immunity have been inadvertently produced, it shall promptly notify the receiving Party of the inadvertent production and the receiving Party will promptly return all said documents and information along with any copies and all copies that have been made.  However, the receiving Party shall have no liability with respect to any prior disclosure or use of such material which is consistent with the terms of this Order.  Nothing herein shall prevent the receiving Party from challenging, by motion, the propriety of the assertion of attorney-client privilege or work product immunity.  In the event that a dispute should arise between the Parties regarding whether the materials claimed inadvertently produced are properly subject to the attorney-client privilege and/or work product immunity, the Parties hereby stipulate and agree that the inadvertent production of said materials in the action pursuant to this Protective Order does not waive said attorney-client privilege and/or work product immunity and will not be argued by any Party to the Court in this Action as grounds for waiver of said attorney-client privilege and/or work product immunity.

(9) Execution of this Protective Order by any Party or counsel shall not affect the admissibility of any document covered by this Protective Order.

Respectfully submitted,

Date: March 21, 2012

STUMPHAUZER, O'TOOLE, McLAUGHLIN, McGLAMERY & LOUGHMAN CO., LPA
/s/ Matthew A. Dooley (via telephonic consent)
Dennis M. O'Toole (0003274)
Matthew A. Dooley (0081482)
Anthony R. Pecora (0069660)
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 394-7208
Email: dotoole@sheffieldlaw.com
mdooley@sheffieldlaw.com
apecora@sheffieldlaw.com
*Counsel for Plaintiffs*

and

Date: March 21, 2012

BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP
/s/ Molly Moran Lukenbill
GREGORY J. LUCHT (0075045)
JEREMY GILMAN (00014144)
MOLLY MORAN LUKENBILL (0084315)
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-mail: glucht@beneschlaw.com
jgilman@beneschlaw.com
mlukenbill@beneschlaw.com
*Attorneys for Defendant CRST, Inc.*

**IT IS SO ORDERED:**

Date:_____                                              _____
                                                                                                Judge James Gwin