# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRUCE WHITE, on behalf of himself and all others similarly situated ) ) ) | CASE NO.  1:11-CV-02615 |
| ) | JUDGE:  JAMES S. GWIN |
| Plaintiff, ) ) | |
| ) | **DEFENDANT'S ANSWER TO** |
| vs. ) | **PLAINTIFF'S FIRST AMENDED** |
| ) | **CLASS ACTION COMPLAINT** |
| CRST, INC. ) ) | |
| Defendant. ) | **(Jury Demand Endorsed Hereon)** |

Defendant CRST, Inc. (n/k/a CRST Expedited, Inc.) ("CRST"), for its Answer to Plaintiff Bruce White's ("White") First Amended Class Action Complaint ("Amended Complaint"), states as follows:

## NATURE OF THE ACTION

1. CRST admits that Plaintiff purports to bring this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and that Plaintiff seeks class certification. CRST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Amended Complaint and, therefore, denies the remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 are a legal conclusion and no response is necessary.  If a response is deemed necessary, CRST admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3. The allegations contained in Paragraph 3 are a legal conclusion and no response is necessary.  If a response is deemed necessary, CRST admits venue is proper and denies the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

## PARTIES

4. CRST is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint and, therefore, denies the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. CRST admits that it is a for-profit corporation that conducts business and hires employees from across the country, including the State of Ohio.

6. The allegations contained in Paragraph 6 are a legal conclusion and no response is necessary. If a response is deemed necessary, CRST is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint and, therefore, denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

## ALLEGATIONS AS TO THE NAMED PLAINTIFF

7. CRST admits that on or about September 10, 2009, White applied to CRST via facsimile.

8. CRST denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. CRST admits that on December 1, 2009, it engaged HireRight Solutions, Inc. ("HireRight") to perform a criminal background check on Plaintiff. CRST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Amended Complaint and, therefore, denies the remaining allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. CRST admits HireRight provided it with a criminal background report on White and that White's criminal background report speaks for itself. CRST is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the

Amended Complaint and, therefore, denies the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. CRST denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. CRST denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. CRST denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. CRST is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint and, therefore, denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

15. CRST admits that it has obtained consumer reports for certain job applicants from HireRight. CRST denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. CRST denies the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. CRST denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. CRST denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. The allegations contained in Paragraph 19 are a legal conclusion and no response is necessary. If a response is deemed necessary, CRST admits that 15 U.S.C. § 1681n(a) speaks for

itself and CRST denies the remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint to the extent they contradict 15 U.S.C. § 1681n(a).

## CLASS ACTION ALLEGATIONS

20. CRST denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. CRST denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. CRST denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. CRST denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. CRST denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. CRST denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. CRST denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. CRST denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. CRST denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. CRST denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

## COUNT ONE – CLASS CLAIM
## INADEQUATE DISCLOSURE - 15 U.S.C. 1681b(b)(2)(B)(i)

30. CRST realleges and incorporates by reference its preceding admissions and denials as if fully rewritten herein.

31. CRST denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Plaintiff's allegations speak for themselves. CRST denies that Plaintiff, Class members, and/or Subclass members are entitled to recover the relief and/or damages sought in Paragraph 32 of Plaintiff's Amended Complaint.

33. Plaintiff's allegations speak for themselves. CRST denies that Plaintiff, Class members, and/or Subclass members are entitled to recover the relief and/or damages sought in Paragraph 33 of Plaintiff's Amended Complaint.

## COUNT TWO – CLASS CLAIM
## ADVERSE ACTION

34. CRST realleges and incorporates by reference its preceding admissions and denials as if fully rewritten herein.

35. CRST denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Plaintiff's allegations speak for themselves. CRST denies that Plaintiff, Class members, and/or Subclass members are entitled to recover the relief and/or damages sought in Paragraph 36 of Plaintiff's Amended Complaint.

37. Plaintiff's allegations speak for themselves. CRST denies that Plaintiff, Class members, and/or Subclass members are entitled to recover the relief and/or damages sought in Paragraph 37 of Plaintiff's Amended Complaint.

## GENERAL DENIAL

38. CRST denies all allegations in Plaintiff's Amended Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

39. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

40. Plaintiff's and/or the alleged Class Members' claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred because CRST is not the proximate cause of Plaintiff's injuries.

## FOURTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred by the doctrines of waiver, estoppel, acquiescence, laches, or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred because he has failed to take reasonable steps to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are not appropriate for class certification.

## SEVENTH AFFIRMATIVE DEFENSE

45. CRST is entitled to a set-off for any other settlements obtained by Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

46. Plaintiff may have released his right to assert this action based upon a settlement in a connected case.

**NINTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred by his own conduct, misconduct, misrepresentation, and/or contributory fault.

**TENTH AFFIRMATIVE DEFENSE**

48. CRST utilized good faith and reasonable efforts to comply with all applicable statutes and regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

49. CRST maintained reasonable procedures to ensure compliance with the provisions of the FCRA.

**TWELFTH AFFIRMATIVE DEFENSE**

50. CRST complied with all applicable provisions for the FCRA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

51. CRST substantially complied with all applicable provisions for the FCRA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

52. CRST's actions were not based in whole or in part upon a consumer report.

**FIFTEENTH AFFIRMATIVE DEFENSE**

53. CRST acted in good faith and without malice or intent to injure Plaintiff or any class members.

**SIXTEENTH AFFIRMATIVE DEFENSE**

54. Plaintiff's and/or the alleged Class Members' claims are or may be barred by res judicata, claim preclusion, collateral estoppel, and/or issue preclusion.

## SEVENTEENTH AFFIRMATIVE DEFENSE

55. CRST reserves the right to raise any additional defenses that may become evident during discovery and during other proceedings in this action.

**WHEREFORE**, having fully answered, CRST respectfully requests this Court to:

1. Dismiss Plaintiff's Complaint, with prejudice, with all costs to be borne by Plaintiff;

2. Award CRST its costs and fees, including attorney's fees, incurred in the defense of this action; and

3. Award CRST any and all other relief this Court deems just and proper.

        Respectfully submitted,

         /s/ *Gregory J. Lucht*
        GREGORY J. LUCHT (0075045)
        JEREMY GILMAN (00014144)
        DAVID M. KRUEGER (0085072)
        **BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
        200 Public Square, Suite 2300
        Cleveland, Ohio 44114-2378
        Telephone:  (216) 363-4500
        Facsimile:  (216) 363-4588
        E-mail: glucht@beneschlaw.com
           jgilman@beneschlaw.com
           dkrueger@beneschlaw.com
        *Attorneys for Defendant CRST, Inc.*

## **JURY DEMAND**

Defendant CRST, Inc. demands a Trial by Jury on all issues so triable, by the maximum number of jurors permitted by law.

>
> Respectfully submitted,
>
> /s/ *Gregory J. Lucht*
> GREGORY J. LUCHT (0075045)
> JEREMY GILMAN (00014144)
> DAVID M. KRUEGER (0085072)
> **BENESCH FRIEDLANDER**
> **COPLAN & ARONOFF LLP**
> 200 Public Square, Suite 2300
> Cleveland, Ohio 44114-2378
> Telephone:  (216) 363-4500
> Facsimile:   (216) 363-4588
> E-mail: glucht@beneschlaw.com
>             jgilman@beneschlaw.com
>             dkrueger@beneschlaw.com
>
> *Attorneys for Defendant CRST, Inc.*

## **CERTIFICATE OF SERVICE**

    This is to certify that the foregoing was filed electronically on the 14th day of May, 2012 in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's Filing System.

                                         /s/ *Gregory J. Lucht*
                                         *One of the Attorneys for Defendant CRST, Inc.*