IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE WHITE on Behalf of Himself and All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>CRST, INC.<br><br>Defendant. | CASE NO. 1:11-CV-2615<br><br>UNITED STATES DISTRICT JUDGE JAMES S. GWIN |

FIRST AMENDED CLASS ACTION COMPLAINT

(Jury Demand Endorsed Hereon)

Now comes the plaintiff, Bruce White on behalf of himself and all other similarly situated individuals and for his First Amended Class Action Complaint alleges the following claims:

### NATURE OF THE ACTION

1. This is a class action on behalf of consumers who were the subject of consumer reports obtained by CRST, Inc. ("CRST") as a precondition of employment with CRST during the period provided by 15 U.S.C. § 1681p and preceding the date of filing and the present, inclusive (the "Class Period") seeking remedies under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, *et seq*.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in the Northern District of Ohio because CRST is subject to

EXHIBIT 1

personal jurisdiction in this District, maintains a place of business in this District, and makes employment decisions regarding individuals residing in this District. 28 U.S.C. § 1391(c).

### PARTIES

4. Bruce White ("White") is a citizen of the State of Oklahoma and a "consumer" within the meaning of 15 U.S.C. § 1681a.

5. CRST is a for-profit corporation conducting business and hiring employees in the State of Ohio.

6. Further, CRST is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

### ALLEGATIONS AS TO THE NAMED PLAINTIFF

7. On September 10, 2009, White applied via facsimile for a commercial truck driver position with CRST.

8. Following a successful application process and interview, White was hired and advised to attend job training orientation.

9. On December 1, 2009 and while White was in route to the required orientation sessions, CRST engaged HireRight Solutions, Inc. ("HireRight"), a consumer reporting agency as defined by 15 U.S.C. § 1681a, to provide a consumer report, which included public record information purportedly regarding White.

10. Within seconds of receiving White's demographic information through its website, HireRight provided CRST with White's consumer report, which was grossly inaccurate, reporting White as having been convicted of a felony offense, when in fact White had no such record.

2

11. Immediately after receiving White's consumer report from HireRight and upon White arriving for the orientation session, CRST took adverse action against him by terminating him based in whole or in part upon the information contained in the report.

12. Prior to procuring White's consumer report, CRST failed to provide him with a summary of his consumer rights set forth in § 615(a)(3) of the Fair Credit Reporting, including a right to obtain a free copy of a consumer report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

13. Furthermore, at no time after taking adverse action did CRST provide White with any verbal, written, or electronic notice that it intended to take adverse action based upon the results of the report, nor did it provide White with the information required by 15 U.S.C. § 1681b(b)(3)(B).

14. White did not learn of the inaccurate report until receiving a copy via U.S. Mail from HireRight days after the adverse action was taken.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

15. For at least five (5) years, CRST has purchased consumer reports from HireRight or its affiliates regarding job applicants, which are used for employment purposes.

16. CRST, in violation of 15 U.S.C. § 1681b(b)(2)(B)(i), does not provide job applicants with a summary of the consumer's rights under § 615(a)(3) of the Fair Credit Reporting Act prior to procuring said reports.

17. Further, CRST does not provide adverse action notice to job applicants verbally, electronically, or in writing (i) that adverse action has been taken based in whole or in part on the consumer report, (ii) the name, address, and telephone number of the consumer reporting agency,

(iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report, as required by § 1681b(b)(3)(B).

18. CRST's violations of the FCRA have been willful, wanton and reckless in that CRST knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

19. 15 U.S.C. § 1681n(a) permits a consumer to recover statutory and punitive damages, along with attorney fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

20. Pursuant to F. R. Civ. P. 23, White brings this action on behalf of the Class initially defined below:

> All natural persons residing in the United States, during the period provided by 15 U.S.C. § 1681p about whom CRST obtained and/or used a criminal background report or other consumer report for employment purposes.

21. White also alleges the following subclasses, of which he is a member:

### Disclosure Subclass

    a. All persons residing in the United States who applied for employment with CRST during the period provided by 15 U.S.C. § 1681p via facsimile, telephone, electronic mail, by regular mail, or other similar means, and about whom, during the application process CRST procured a criminal background report or other consumer report without first notifying those persons verbally, electronically, or in writing that they have a right to obtain a free copy of consumer report from the consumer reporting agency within 60 days, and also have a right to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

4

### Adverse Action Subclass

b. All persons residing in the United States who applied for employment with CRST via facsimile, telephone, electronic mail, by regular mail, or other similar means and against whom CRST took adverse action based in whole or in part upon the consumer report without providing verbal, electronic, or written notice within 3 days of taking adverse action a (i) that adverse has been taken based in whole or in part on the consumer report, (ii) the name, address, and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report, as required by § 1681b(b)(3)(B).

22. Upon information and belief, the Putative Class exceeds 10,000 members. Information concerning the exact size of the Putative Class is within the exclusive possession of CRST.

23. The Class and Subclass members are so numerous that joinder of all members is impracticable.

24. There are questions of law or fact common to the Class and Subclasses.

25. White's claims are typical of the claims of the other Class and Subclass members as all Class and Subclass members were similarly affected by CRST's unlawful conduct in violation of the FCRA.

26. White will fairly and adequately protect the interest of the Class and Subclass members and has retained counsel competent and experienced in complex class-action litigation. White is a member of the Class and Subclasses and does not have any interests antagonistic to or in conflict with the members of the Class and Subclasses. Further, White's claims are the same as those of the Class and Subclasses, which all arise from the same operative facts and are based

upon the same legal theories.

27. Common questions of law and fact exist as to all Class and Subclass members and predominate over any questions solely affecting individual Class and Subclass members, including:

    a. Whether CRST violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the consumer with verbal, electronic, or written notice of a right to obtain a free copy of a consumer report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

    b. Whether CRST, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(I);

    c. Whether CRST, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(II);

    d. Whether CRST, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(III);

    e. Whether CRST, within 3 business days of taking adverse action, provided oral, written, or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or

6

        completeness of any information in a report as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(IV);

   f.   Whether CRST, within 3 business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification, provided the consumer with a copy of a report and a copy of the consumer's rights as prescribed by the Federal Trade Commission under 15 U.S.C. § 1681g(c)(3).

   g.   Whether CRST knowingly and intentionally acted in conscious disregard of the rights of the consumer.

   h.   Whether CRST was negligent in its (or had a complete lack of) training, supervision, and/or implementation of policies and procedures concerning the appropriate usage of consumer reports.

28.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class and Subclasses is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

29.   Further, the prosecution of several actions by individual members of the Class and Subclasses would create a risk of varying adjudications with respect to members of the Class and Subclasses, as well as create inconsistent standards of conduct for those opposing the Class and Subclasses. Additionally, individual actions by members of the Class and Subclasses may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

## COUNT ONE – CLASS CLAIM
## INADEQUATE DISCLOSURE – 15 U.S.C. 1681b(b)(2)(B)(i)

30.   White, the Class and Subclass members reallege and incorporate by reference all preceding allegations of law and fact.

31. CRST willfully violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the applicant with verbal, electronic, or written notice of rights set forth in § 615(a)(3) of the Fair Credit Reporting, including a right to obtain a free copy of a consumer report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

32. White, the Class and Subclass members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

33. White, the Class and Subclass members also seek punitive damages, attorney fees and costs for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

## COUNT TWO – CLASS CLAIM
## ADVERSE ACTION

34. White, the Class and Subclass members reallege and incorporate by reference all preceding allegations of law and fact.

35. CRST willfully violated 15 U.S.C. § 1681b(b)(3)(B)(i) by taking adverse action based in whole or in part upon the consumer report without providing verbal, electronic, or written notice within 3 business days of taking the adverse action (i) that adverse action has been taken based in whole or in part on the consumer report, (ii) the name, address, and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report.

36. White, the Class and Subclass members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

37. White, the Class and Subclass members also seek punitive damages, attorney fees

and costs for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

**WHEREFORE,** White, the Class and Subclass members respectfully pray for the following relief:

A. An order certifying the proposed class and subclasses herein pursuant to Fed. R. Civ. P. 23(b)(3) and appointing the undersigned counsel to represent same;

B. The creation of a common fund available to provide notice of and remedy for CRST's unlawful conduct;

C. Statutory and punitive damages for all class and subclass claims;

D. Attorney fees, expenses and costs;

E. Pre-judgment and post-judgment interest as provided by law; and

F. Such other relief as the Court deems just and proper.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By: /s/ Matthew A. Dooley
Matthew A. Dooley (OH Bar 0081482)
Dennis M. O'Toole (OH Bar 0003274)
Anthony R. Pecora (OH Bar 0069660)
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: mdooley@sheffieldlaw.com
dotoole@sheffieldlaw.com
apecora@sheffieldlaw.com
*Counsel for Bruce White and the putative class*

### JURY DEMAND

White demands a trial by a jury as to all issues presented herein.

/s/ Matthew A. Dooley
Matthew A. Dooley
*Counsel for Bruce White and the putative class*

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing First Amended Class Action Complaint was filed electronically this 27th day of April, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or via electronic mail.

/s/ Matthew A. Dooley
Matthew A. Dooley
*Counsel for Bruce White and the putative class*