IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRUCE WHITE on Behalf of Himself and All Others Similarly Situated,**  <br>  Plaintiff,  <br>  v.  <br> **CRST, INC.,**  <br>  Defendant. | CASE NO. 1:11-CV-2615  <br><br> UNITED STATES DISTRICT JUDGE JAMES S. GWIN |

## JOINT MOTION FOR STATUS CONFERENCE

**NOW COME** Plaintiff, Bruce White ("White") and Defendant, CRST, Inc. (n/k/a CRST Expedited, Inc.) ("CRST") through counsel and jointly request a status conference with the Court to resolve a discovery dispute arising from the Parties' interpretation of the Court's May 6, 2012 Order Modifying Case Management Deadlines (Doc. 30).  The Parties summarize their respective positions as follows:

### WHITE'S POSITION

On May 21, 2012, White noticed seven depositions of Defendant's Rule 26(a)(1) witnesses to take place May 30-31, 2012 in Cedar Rapids, Iowa.  The following day, at CRST's request, White proffered a settlement demand, which caused the Parties to discuss mediation.  Thereafter, on May 28, 2012, the Parties jointly requested that the Court refer the case to District Judge Dan Aaron Polster for mediation. (Doc. 37)  On the morning of May 29, 2012, and to conserve resources in light of CRST's suggestion to mediate the case, White agreed to postpone the depositions in Cedar Rapids provided CRST would cooperate with any attempt to reschedule prior to the September 27, 2012 discovery cut-off.  A copy of White's letter to CRST is attached

hereto as Exhibit A. CRST did not challenge or otherwise correct White's understanding set forth in the letter.

Shortly after White agreed to postpone the depositions, the Court denied the Parties Joint Motion to Refer the Case to Mediation. (Doc. 38) During the June 8, 2012 status conference, and in response to the Court's inquiry as the status of discovery, White advised the Court that he intended to schedule depositions of CRST's witnesses. CRST did not object or otherwise respond to White's comments. On June 15, 2012, White amended his Notices of Deposition to reschedule three of the original seven depositions to take place on June 22, 2012 in Cedar Rapids. The date is consistent with the Court's September 27, 2012 deadline to complete all discovery, and consistent with White's May 29, 2012 letter to CRST. As explained below, CRST contends that the earlier discovery deadlines set forth in the Court's Order Modifying Case Management Deadlines (Doc. 30) bar White from conducting the depositions. Further, CRST contends that despite White's May 29, 2012 letter and invitation to correct any misunderstanding, it did not agree to produce witnesses any time prior to September 27, 2012.

**CRST's Position**

CRST does not object to producing its employees for deposition prior to September 27, 2012. Rather, the dispute is over White's attempt, after the unambiguous dispositive discovery deadline has expired and after CRST filed it Motion for Summary Judgment, to conduct discovery on the merits in order to oppose CRST's Motion for Summary Judgment.[1]

The original Case Management Order of February 24, 2012, expressly provided a cut-off for "Discovery Needed to Support **or Defend** Dispositive Motions" of May 7, class certification cut-off date of May 14, and a general deadline for remaining discovery of August 27. (ECF 19.)

---

[1] Based upon CRST's communications with White on June 14-15, 2012, it is CRST's understanding that White seeks the CRST depositions only for the purpose of opposing summary judgment, and that White still maintains he does not need any additional discovery for class certification.

2

Upon Motion, (ECF 24), the Court extended the dispositive discovery cut-off until June 7, class certification discovery cut-off until June 14, and general discovery cut-off until September 27. (ECF 30.)

After CRST took Bruce White and Lisa White's depositions on May 25, White chose to cancel the CRST depositions scheduled for May 30-31 in light of the parties' Joint Motion to Stay.  On May 29, after the Court denied the Motion, (ECF 38), White made <u>no effort</u> to reschedule the depositions prior to the June 7 dispositive discovery cut-off.  CRST also disagrees with White's recollection of events at the June 8 status conference.  To the contrary, it is CRST's recollection that upon this Court's inquiry as to the status of discovery in light of the upcoming deadlines, White affirmatively represented that he had everything he needed.

On June 14, 2012, CRST filed its Motion for Summary Judgment.  (ECF 40.)  Within **three (3) hours of the filing**, White emailed CRST requesting the depositions at issue.  White's request is clearly not intended for general discovery; rather, White seeks the depositions for discovery on the merits to oppose Summary Judgment.  Upon CRST's objection to White's attempt to circumvent the dispositive discovery cut-off, White unilaterally issued three (3) Notices of Deposition for June 22, 2012, to take place in Cedar Rapids, Iowa.  Indeed, the parties' procedural positions aside, CRST does not even know if the witnesses are available for this Friday.

In light of the Court's unambiguous scheduling Order, White cannot reasonably claim he thought he could take discovery on the merits to be used to oppose summary judgment <u>after</u> CRST filed its Motion for Summary Judgment, or reasonably think that CRST would ever agree to such an arrangement.  With respect to White's letter of May 29, CRST at no time consented or represented that it agreed to permit White to obtain merits discovery to oppose summary

3

judgment after the dispositive discovery cut-off of June 7. (Nor would CRST have the authority to modify this Court's Order for that matter.) Rather, CRST stated it was, and still is, willing to produce its employees for deposition until September 27, 2012, in accordance with this Court's Order.[2]

CRST remains willing to schedule discovery depositions on the merits of White's claim upon completion of the briefing for summary judgment and class certification in July, which is more than two (2) months before the discovery deadline of September 27, 2012. This is, and has always been, CRST's position. But White cannot elect to not take merits discovery, let the deadline lapse, and suddenly request merits discovery hours after CRST files its Motion for Summary Judgment to be used in his Opposition.

Due to the urgency of this issue, CRST remains available at the Court's convenience for a telephonic or in-person conference.

                        STUMPHAUZER, O'TOOLE, McLAUGHLIN,
                        McGLAMERY & LOUGHMAN CO., LPA

        By:    /s/ Matthew A. Dooley
                Matthew A. Dooley (OH Bar 0081482)
                Dennis M. O'Toole (OH Bar 0003274)
                Anthony R. Pecora (OH Bar 0069660)
                5455 Detroit Road
                Sheffield Village, Ohio 44054
                Telephone:  (440) 930-4001
                Facsimile:   (440) 934-7208
                Email:       mdooley@sheffieldlaw.com
                              dotoole@sheffieldlaw.com
                              apecora@sheffieldlaw.com
                *Counsel for Bruce White and the putative Class*

---

[2] Nor is CRST's position contrary to White's position in his May 29 letter. At all times, the parties were aware of the Court's three-tier discovery schedule. Notably absent from White's May 29 letter is any mention of extending the deadline for dispositive discovery; rather, White states that he "may continue discovery through September 27, 2012," which is consistent with both CRST's position and this Court's Order.

4

>
> BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP
>
> By: /s/ Gregory J. Lucht
> GREGORY J. LUCHT (0075045)
> JEREMY GILMAN (00014144)
> DAVID M. KRUEGER (0085072)
> 200 Public Square, Ste. 2300
> Cleveland, Ohio 44114-2378
> Telephone: (216) 363-4500
> Fax: (216) 363-4588
> Email: jgilman@beneschlaw.com
> glucht@beneschlaw.com
> dkrueger@beneschlaw.com
>
> *Counsel for CRST, Inc.*

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing Joint Motion for Status Conference was filed electronically this 18th day of June, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or via regular mail.

>
> /s/ Matthew A. Dooley
> *Counsel for Bruce White and the putative Class*