**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE WHITE, on behalf of himself and all others similarly situated | ) ) ) | CASE NO. 1:11-CV-02615 |
| | ) | JUDGE: JAMES S. GWIN |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **JOINT MOTION TO FILE EXHIBITS** |
| CRST, INC. | ) ) | **TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION UNDER** |
| Defendant. | ) ) | **SEAL** |

Plaintiff, Bruce White, ("Plaintiff" or "White") and Defendant, CRST, Inc. (n/k/a CRST Expedited, Inc.) ("Defendant" or "CRST") (collectively the "Parties"), pursuant to Fed.R. Civ.P. 5.2, submit this Joint Motion to File Exhibits to Plaintiff's Motion for Class Certification Under Seal, and move the Court to permit Plaintiff's Exhibits A, C, D, E, and F to be filed under seal with the Court.

The Parties respectfully submit the attached Memorandum in Support.

Respectfully submitted,

| | |
|---|---|
| */s/ Matthew Dooley (via telephone consent)* | */s/ Gregory J. Lucht*_____ |
| DENNIS M. O'TOOLE (0003274) | GREGORY J. LUCHT (0075045) |
| MATTHEW A. DOOLEY (0081482) | JEREMY GILMAN (00014144) |
| ANTHONY R. PECORA (0069660) | DAVID M. KRUEGER (0085072) |
| **STUMPHAUZER, O'TOOLE,** | **BENESCH FRIEDLANDER** |
| **McLAUGHLIN, McGLAMERY &** | **COPLAN & ARONOFF LLP** |
| **LOUGHMAN CO., LPA** | 200 Public Square, Suite 2300 |
| 5455 Detroit Road | Cleveland, Ohio 44114-2378 |
| Sheffield Village, Ohio 44054 | Telephone: (216) 363-4500 |
| Telephone: (440) 930-4001 | Facsimile: (216) 363-4588 |
| Facsimile: (440) 394-7208 | E-mail: glucht@beneschlaw.com |
| Email: dotoole@sheffieldlaw.com | jgilman@beneschlaw.com |
| mdooley@sheffieldlaw.com | dkrueger@beneschlaw.com |
| apecora@sheffieldlaw.com | *Attorneys for Defendant CRST, Inc.* |
| *Attorneys for Plaintiff Bruce White* | |

**MEMORANDUM IN SUPPORT**

A court may "order that a filing be made under seal without redaction" upon a showing of good cause. Fed.R. Civ.P. 5.2(d), (e). In determining whether there exists "good cause," the court may consider the nature of the information sought to be protected and whether a party contests the effort to maintain confidentiality. *See U2 Home Entm't, Inc. v. Kylin TV, Inc.*, No. 06–CV–2770, 2008 WL 1771913, *2 (E.D.N.Y. Apr.15, 2008) (when "the confidentiality designation is contested, the party seeking to maintain confidential treatment for the challenged document will have the burden of establishing good cause for the continuation of that treatment"), *quoting Lachica v. City of New York*, No. 94–CV7379, 1995 WL 77928, *1 (S.D.N.Y. Feb. 23, 1995); *see also* Fed.R. Civ.P. 26(c)(1)(G) (a party may seek an order limiting the disclosure of "trade secret[s] or other confidential * * * or commercial information").

In this case, White has referenced among other exhibits, Exhibits A, C, D, E, and F in support of his Motion for Class Certification ("Exhibits"). As evidenced by this Joint Motion, neither party contests the designation of the Exhibits as confidential and jointly move this Court to permit their filing under seal. During the course of discovery, White and CRST agreed that each party could designate certain documents as "confidential," and submitted a Joint Motion for Entry of Stipulated Protective Order, which remains pending with this Court. (ECF 23.) In an effort not to hinder the discovery process, however, CRST then produced certain documents to White that contain confidential business and proprietary information that is not known outside of CRST's business, cannot be easily acquired by third-parties, and is used by CRST as part of its internal operations to gain a business advantage over its competitors. Specifically, these documents include CRST's internal training and recruiting materials, hiring guidelines, as well as copies of confidential agreements that CRST maintains with third-party vendors.

In support of his Motion for Class Certification, White included various portions of the above materials as Exhibits. As CRST produced these documents subject to a confidentiality agreement between the parties, the information in these Exhibits is not generally known to persons outside of CRST as its secrecy and confidentiality is maintained, as the documents contain internal propriety and business information which CRST uses in engaging in direct competition with its competitors, and as such information cannot be acquired by others, such documents constitute confidential business information. *Vesta Corset Co., Inc. v. Carmen Founds., Inc.*, No. 97 CIV 5139, 1999 WL 13257, *2 (S.D.N.Y. Jan. 13, 1999) (factors in evaluating claim of confidential business information include the extent to which the information is known outside the business, measures taken to guard the secrecy, the value of the information to the business and its competitors, and the ease with which the information could be properly acquired by others).

Accordingly, the Parties respectfully move the Court to permit the filing of Plaintiff's Exhibits A, C, D, E, and F to his Motion for Class Certification under seal.

Respectfully submitted,

*/s/ Matthew Dooley (via telephone consent)*
DENNIS M. O'TOOLE (0003274)
MATTHEW A. DOOLEY (0081482)
ANTHONY R. PECORA (0069660)
**STUMPHAUZER, O'TOOLE,**
**McLAUGHLIN, McGLAMERY &**
**LOUGHMAN CO., LPA**
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 394-7208
Email: dotoole@sheffieldlaw.com
  mdooley@sheffieldlaw.com
  apecora@sheffieldlaw.com
*Attorneys for Plaintiff Bruce White*

*/s/ Gregory J. Lucht*_____
GREGORY J. LUCHT (0075045)
JEREMY GILMAN (00014144)
DAVID M. KRUEGER (0085072)
**BENESCH FRIEDLANDER**
**COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-mail: glucht@beneschlaw.com
  jgilman@beneschlaw.com
  dkrueger@beneschlaw.com
*Attorneys for Defendant CRST, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing document was filed electronically on the 25th day of June, 2012 in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's Filing System.

>  */s/ Gregory J. Lucht*
>  *One of the Attorneys for CRST, Inc.*