# HireRight.

## FCRA Overview and Instructions

Under the federal Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (FCRA), as amended by the Fair and Accurate Credit Transactions Act of 2003 (FACT Act), the background screening reports HireRight supplies are classified as "consumer reports." This includes *all* types of reports provided by HireRight (i.e., credit reports, motor vehicle reports, employment history records, criminal records, etc.). These reports are governed by the FCRA, which provides protections and responsibilities to those who either use or provide consumer reports, and to the consumer subjects of those reports.

The FCRA requires that we provide you with certain information regarding your obligations under the law. It is your responsibility to review the information provided and to comply with the requirements placed upon you. The following documents are provided to HireRight customers:

- **Notice to Users of Consumer Reports** - This notice outlines the obligations of HireRight customers as users of consumer reports furnished by HireRight. *[attached hereto as Exhibit A]*

- **Notice to Furnishers of Information** - This notice outlines the obligations of HireRight customers who contribute information to HireRight proprietary databases (i.e., Employment History Files, Security Incident Reports, etc.). *[attached hereto as Exhibit B]*

- **Summary of Your Rights Under the Fair Credit Reporting Act** - This summary must be provided by HireRight customers: (i) to any consumer on whom a consumer report has been ordered for employment purposes, when such report may result in an adverse employment action being taken by the customer against the consumer, or (ii) to a consumer in conjunction with the FCRA-mandated disclosure and release documents given to the consumer when an investigative consumer report may be ordered on the consumer. *[attached hereto as Exhibit C]*

- **Remedying the Effects of Identity Theft** - This document provides useful information for victims of identity theft. HireRight customers are not required to distribute this document unless they are considered consumer reporting agencies under the FCRA. However, this document may be useful in the event your company is contacted by someone claiming to have had their identity stolen. *[attached hereto as Exhibit D]*

- **The Fair Credit Reporting Act** - The text of this federal law is available at: http://www.ftc.gov/os/statutes/fcra.pdf. Additional information about the FCRA and FACT Act can be found at: http://www.ftc.gov/privacy/privacyinitiatives/credit.html.

- **Consumer Report/Investigative Consumer Report Disclosure** - Each individual being considered for employment, promotion, reassignment, or retention must be given a statement indicating that a consumer report may be obtained on them for employment purposes. The individual must also consent in writing to the procurement of the report. This sample form

**EXHIBIT G**

CRST002077

meets these requirements. Please note, the disclosure and written consent <u>cannot</u> be a part of the employment application. They must be contained in a separate document. *[attached hereto as Exhibit E]*

**Special Procedures for Department of Transportation-Regulated Positions** - If employment applications are accepted by mail, telephone, computer or other similar means, the content of the Disclosure and Release form may be provided to the applicant by oral, written, or electronic means; however, the consumer must still provide consent, either orally, in writing, or electronically to the procurement of the consumer report. *Employers accepting oral or electronic consent should provide the individual a written copy of the Disclosure and Release Form and obtain written consent at the first available opportunity after ordering a consumer report.*

**DOT Drug & Alcohol / Consumer Report Disclosure & Release** – A special disclosure & release can be provided for DOT Drug & Alcohol / Consumer Reports for trucking and non-trucking industries. Please contact your account representative for the version of this document that pertains to your organization.

- **Disclosure and Release – Non-Employment Purposes** - A sample disclosure and release that may be used for FCRA permissible purposes *other than employment* (i.e., extension of credit, insurance underwriting, etc.). *[attached hereto as Exhibit F]*

- **Pre-Adverse Action Letter – Employment** - When you anticipate making an adverse employment decision based in whole or in part on information contained in a consumer report, you are required to provide the applicant with a copy of the consumer report (the actual background report we send you) and a copy of the Summary of Your Rights Under the Fair Credit Reporting Act. This sample letter may be used as a cover letter when mailing these documents to the consumer. *[attached hereto as Exhibit G]*

- **Post-Adverse Action Letter – Employment** - When you take adverse action against a consumer (i.e., not hiring an applicant, terminating an employee, etc.), based in whole or in part on the information contained in a consumer report, you are required to provide oral, written or electronic notice of the adverse action to the consumer. This must include a statement that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the reason why the adverse action was taken. Additionally, this notice must include the consumer reporting agency's name, address and toll-free telephone number, the consumer's right to obtain a free copy of the report within sixty (60) days, and information regarding their right to dispute the accuracy or completeness of any information contained in the report. This sample letter may be used to meet these requirements. *[attached hereto as Exhibit H]*

   *Special Procedures for DOT-Regulated Positions* - If a consumer applies for employment by mail, telephone, computer, or other similar means, and you take adverse action against the consumer based in whole or in part on information contained in a consumer report, you should follow these procedures. Please note: The Pre- and Post- Adverse Action Letters are not required. However, you are

**EXHIBIT G**

CRST002078

required within three (3) business days after taking such action, to provide by oral, written, or electronic means, the same information contained within the Post-Adverse Action Letter, along with notice that the consumer may request a copy of the report from you. If the consumer requests a copy of the consumer report, you are required to provide it, along with a copy of the Summary of Your Rights Under the Fair Credit Reporting Act, within three (3) business days after receiving proof of identification from the consumer.

- <u>Post-Adverse Action Letter – Insurance</u> - A sample letter is provided for insurance agencies, companies, and underwriters. [*attached hereto as Exhibit I*]

<u>Additional Requirement for California Employers</u>

- <u>California Cover Letter</u> - Under the California Investigative Consumer Reporting Agencies Act Cal. Civil Code §1786 et seq., employers are required to provide applicants/employees an opportunity to request a copy of any consumer report(s) ordered on them. Requested copies must be provided by the employer within three (3) business days after receipt of the report from HireRight and must include HireRight's name, address, and phone number. When forwarding the report to the consumer, we recommend you use a cover letter such as this one. [*attached hereto as Exhibit J*]


**Questions may be directed to our Customer Satisfaction Department at 800-331-9175.**

**EXHIBIT G**

CRST002079

*Exhibit A*

All users subject to the Federal Trade Commission's jurisdiction must comply with all applicable regulations, including regulations promulgated after this notice was prescribed in 2004. Information about applicable regulations currently in effect can be found at the Commission's Web site, www.ftc.gov/credit. Persons not subject to the Commission's jurisdiction should consult with their regulators to find any relevant regulations.

## NOTICE TO USERS OF CONSUMER REPORTS:
## OBLIGATIONS OF USERS UNDER THE FCRA

The Fair Credit Reporting Act (FCRA),15 U.S.C. 1681-1681y, requires that this notice be provided to inform users of consumer reports of their legal obligations. State law may impose additional requirements. The text of the FCRA is set forth in full at the Federal Trade Commission's Website at www.ftc.gov/credit. At the end of this document is a list of United States Code citations for the FCRA. Other information about user duties is also available at the Commission's Web site. Users must consult the relevant provisions of the FCRA for details about their obligations under the FCRA.

The first section of this summary sets forth the responsibilities imposed by the FCRA on all users of consumer reports. The subsequent sections discuss the duties of users of reports that contain specific types of information, or that are used for certain purposes, and the legal consequences of violations. If you are a furnisher of information to a consumer reporting agency (CRA), you have additional obligations and will receive a separate notice from the CRA describing your duties as a furnisher.

## I. OBLIGATIONS OF ALL USERS OF CONSUMER REPORTS

### A. Users Must Have a Permissible Purpose

Congress has limited the use of consumer reports to protect consumers' privacy. All users must have a permissible purpose under the FCRA to obtain a consumer report. Section 604 contains a list of the permissible purposes under the law. These are:

- As ordered by a court or a federal grand jury subpoena. Section 604(a)(1)

- As instructed by the consumer in writing. Section 604(a)(2)

- For the extension of credit as a result of an application from a consumer, or the review or collection of a consumer's account. Section 604(a)(3)(A)

- For employment purposes, including hiring and promotion decisions, where the consumer has given written permission. Sections 604(a)(3)(B) and 604(b)

- For the underwriting of insurance as a result of an application from a consumer. Section 604(a)(3)(C)

- When there is a legitimate business need, in connection with a business transaction that is initiated by the consumer. Section 604(a)(3)(F)(i)

**EXHIBIT G**

CRST002080

*Exhibit A*

- To review a consumer's account to determine whether the consumer continues to meet the terms of the account. Section 604(a)(3)(F)(ii).

- To determine a consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status. Section 604(a)(3)(D).

- For use by a potential investor or servicer, or current insurer, in a valuation or assessment of the credit or prepayment risks associated with an existing credit obligation. Section 604(a)(3)(E).

- For use by state and local officials in connection with the determination of child support payments, or modifications and enforcement thereof. Sections 604(a)(4) and 604(a)(5).

In addition, creditors and insurers may obtain certain consumer report information for the purpose of making "prescreened" unsolicited offers of credit or insurance. Section 604(c). The particular obligations of users of "prescreened" information are described in Section VII below.

### B. Users Must Provide Certifications

Section 604(f) prohibits any person from obtaining a consumer report from a consumer reporting agency (CRA) unless the person has certified to the CRA the permissible purpose(s) for which the report is being obtained and certifies that the report will not be used for any other purpose.

### C. Users Must Notify Consumers When Adverse Actions Are Taken

The term "adverse action" is defined very broadly by Section 603. "Adverse actions" include all business, credit, and employment actions affecting consumers that can be considered to have a negative impact as defined by Section 603(k) of the FCRA – such as denying or canceling credit or insurance, or denying employment or promotion. No adverse action occurs in a credit transaction where the creditor makes a counteroffer that is accepted by the consumer.

### 1. Adverse Actions Based on Information Obtained From a CRA

If a user takes any type of adverse action as defined by the FCRA that is based at least in part on information contained in a consumer report, Section 615(a) requires the user to notify the consumer. The notification may be done in writing, orally, or by electronic means. It must include the following:

- The name, address, and telephone number of the CRA (including a toll-free telephone number, if it is a nationwide CRA) that provided the report.

- A statement that the CRA did not make the adverse decision and is not able to explain why the decision was made.

- A statement setting forth the consumer's right to obtain a free disclosure of the consumer's file from the CRA if the consumer makes a request within 60 days.

**EXHIBIT G**

CRST002081

*Exhibit A*

- A statement setting forth the consumer's right to dispute directly with the CRA the accuracy or completeness of any information provided by the CRA.

**2. Adverse Actions Based on Information Obtained From Third Parties Who Are Not Consumer Reporting Agencies**

If a person denies (or increases the charge for) credit for personal, family, or household purposes based either wholly or partly upon information from a person other than a CRA, and the information is the type of consumer information covered by the FCRA, Section 615(b)(1) requires that the user clearly and accurately disclose to the consumer his or her right to be told the nature of the information that was relied upon if the consumer makes a written request within 60 days of notification. The user must provide the disclosure within a reasonable period of time following the consumer's written request.

**3. Adverse Actions Based on Information Obtained From Affiliates**

If a person takes an adverse action involving insurance, employment, or a credit transaction initiated by the consumer, based on information of the type covered by the FCRA, and this information was obtained from an entity affiliated with the user of the information by common ownership or control, Section 615(b)(2) requires the user to notify the consumer of the adverse action. The notice must inform the consumer that he or she may obtain a disclosure of the nature of the information relied upon by making a written request within 60 days of receiving the adverse action notice. If the consumer makes such a request, the user must disclose the nature of the information not later than 30 days after receiving the request. If consumer report information is shared among affiliates and then used for an adverse action, the user must make an adverse action disclosure as set forth in I.C.1 above.

**D. Users Have Obligations When Fraud and Active Duty Military Alerts are in Files**

When a consumer has placed a fraud alert, including one relating to identity theft, or an active duty military alert with a nationwide consumer reporting agency as defined in Section 603(p) and resellers, Section 605A(h) imposes limitations on users of reports obtained from the consumer reporting agency in certain circumstances, including the establishment of a new credit plan and the issuance of additional credit cards. For initial fraud alerts and active duty alerts, the user must have reasonable policies and procedures in place to form a belief that the user knows the identity of the applicant or contact the consumer at a telephone number specified by the consumer; in the case of extended fraud alerts, the user must contact the consumer in accordance with the contact information provided in the consumer's alert.

**E. Users Have Obligations When Notified of an Address Discrepancy**

Section 605(h) requires nationwide CRAs, as defined in Section 603(p), to notify users that request reports when the address for a consumer provided by the user in requesting the report is substantially different from the addresses in the consumer's file. When this occurs, users must comply with regulations specifying the procedures to be followed, which will be issued by the Federal Trade Commission and the banking and credit union regulators. The Federal Trade Commission's regulations will be available at www.ftc.gov/credit.

**EXHIBIT G**

CRST002082

*Exhibit A*

**F. Users Have Obligations When Disposing of Records**

Section 628 requires that all users of consumer report information have in place procedures to properly dispose of records containing this information. The Federal Trade Commission, the Securities and Exchange Commission, and the banking and credit union regulators have issued regulations covering disposal. The Federal Trade Commission's regulations may be found at www.ftc.gov/credit.

## II. CREDITORS MUST MAKE ADDITIONAL DISCLOSURES

If a person uses a consumer report in connection with an application for, or a grant, extension, or provision of, credit to a consumer on material terms that are materially less favorable than the most favorable terms available to a substantial proportion of consumers from or through that person, based in whole or in part on a consumer report, the person must provide a risk-based pricing notice to the consumer in accordance with regulations to be jointly prescribed by the Federal Trade Commission and the Federal Reserve Board.

Section 609(g) requires a disclosure by all persons that make or arrange loans secured by residential real property (one to four units) and that use credit scores. These persons must provide credit scores and other information about credit scores to applicants, including the disclosure set forth in Section 609(g)(1)(D) ("Notice to the Home Loan Applicant").

## III. OBLIGATIONS OF USERS WHEN CONSUMER REPORTS ARE OBTAINED FOR EMPLOYMENT PURPOSES

### A. Employment Other Than in the Trucking Industry

- If information from a CRA is used for employment purposes, the user has specific duties, which are set forth in Section 604(b) of the FCRA. The user must:

- Make a clear and conspicuous written disclosure to the consumer before the report is obtained, in a document that consists solely of the disclosure, that a consumer report may be obtained.

- Obtain from the consumer prior written authorization. Authorization to access reports during the term of employment may be obtained at the time of employment.

- Certify to the CRA that the above steps have been followed, that the information being obtained will not be used in violation of any federal or state equal opportunity law or regulation, and that, if any adverse action is to be taken based on the consumer report, a copy of the report and a summary of the consumer's rights will be provided to the consumer.

- Before taking an adverse action, the user must provide a copy of the report to the consumer as well as the summary of consumer's rights. (The user should receive this summary from the CRA.) A Section 615(a) adverse action notice should be sent after the adverse action is taken.

An adverse action notice also is required in employment situations if credit information (other than transactions and experience data) obtained from an affiliate is used to deny employment. Section 615(b)(2)

The procedures for investigative consumer reports and employee misconduct investigations are set forth below.

**EXHIBIT G**

CRST002083

*Exhibit A*

**B. Employment in the Trucking Industry**

Special rules apply for truck drivers where the only interaction between the consumer and the potential employer is by mail, telephone, or computer. In this case, the consumer may provide consent orally or electronically, and an adverse action may be made orally, in writing, or electronically. The consumer may obtain a copy of any report relied upon by the trucking company by contacting the company.

## IV. OBLIGATIONS WHEN INVESTIGATIVE CONSUMER REPORTS ARE USED

Investigative consumer reports are a special type of consumer report in which information about a consumer's character, general reputation, personal characteristics, and mode of living is obtained through personal interviews by an entity or person that is a consumer reporting agency. Consumers who are the subjects of such reports are given special rights under the FCRA. If a user intends to obtain an investigative consumer report, Section 606 requires the following:

- The user must disclose to the consumer that an investigative consumer report may be obtained. This must be done in a written disclosure that is mailed, or otherwise delivered, to the consumer at some time before or not later than three days after the date on which the report was first requested. The disclosure must include a statement informing the consumer of his or her right to request additional disclosures of the nature and scope of the investigation as described below, and the summary of consumer rights required by Section 609 of the FCRA. (The summary of consumer rights will be provided by the CRA that conducts the investigation.)

- The user must certify to the CRA that the disclosures set forth above have been made and that the user will make the disclosure described below.

- Upon the written request of a consumer made within a reasonable period of time after the disclosures required above, the user must make a complete disclosure of the nature and scope of the investigation. This must be made in a written statement that is mailed, or otherwise delivered, to the consumer no later than five days after the date on which the request was received from the consumer or the report was first requested, whichever is later in time.

## V. SPECIAL PROCEDURES FOR EMPLOYEE INVESTIGATIONS

Section 603(x) provides special procedures for investigations of suspected misconduct by an employee or for compliance with Federal, state or local laws and regulations or the rules of a self-regulatory organization, and compliance with written policies of the employer. These investigations are not treated as consumer reports so long as the employer or its agent complies with the procedures set forth in Section 603(x), and a summary describing the nature and scope of the inquiry is made to the employee if an adverse action is taken based on the investigation.

## VI. OBLIGATIONS OF USERS OF MEDICAL INFORMATION

Section 604(g) limits the use of medical information obtained from consumer reporting agencies (other than payment information that appears in a coded form that does not identify the medical provider). If the information is to be used for an insurance transaction, the consumer must give consent to the user of the report or the information must be coded. If the

**EXHIBIT G**

CRST002084

*Exhibit A*

report is to be used for employment purposes – or in connection with a credit transaction (except as provided in regulations issued by the banking and credit union regulators) – the consumer must provide specific written consent and the medical information must be relevant. Any user who receives medical information shall not disclose the information to any other person (except where necessary to carry out the purpose for which the information was disclosed, or as permitted by statute, regulation, or order).

## VII. OBLIGATIONS OF USERS OF "PRESCREENED" LISTS

The FCRA permits creditors and insurers to obtain limited consumer report information for use in connection with unsolicited offers of credit or insurance under certain circumstances. Sections 603(l), 604(c), 604(e), and 615(d). This practice is known as "prescreening" and typically involves obtaining from a CRA a list of consumers who meet certain preestablished criteria. If any person intends to use prescreened lists, that person must (1) before the offer is made, establish the criteria that will be relied upon to make the offer and to grant credit or insurance, and (2) maintain such criteria on file for a three-year period beginning on the date on which the offer is made to each consumer. In addition, any user must provide with each written solicitation a clear and conspicuous statement that:

- Information contained in a consumer's CRA file was used in connection with the transaction.

- The consumer received the offer because he or she satisfied the criteria for credit worthiness or insurability used to screen for the offer.

- Credit or insurance may not be extended if, after the consumer responds, it is determined that the consumer does not meet the criteria used for screening or any applicable criteria bearing on credit worthiness or insurability, or the consumer does not furnish required collateral.

- The consumer may prohibit the use of information in his or her file in connection with future prescreened offers of credit or insurance by contacting the notification system established by the CRA that provided the report. The statement must include the address and toll-free telephone number of the appropriate notification system.

In addition, once the Federal Trade Commission by rule has established the format, type size, and manner of the disclosure required by Section 615(d), users must be in compliance with the rule. The FTC's regulations will be at www.ftc.gov/credit.

## VIII. OBLIGATIONS OF RESELLERS

### A. Disclosure and Certification Requirements

Section 607(e) requires any person who obtains a consumer report for resale to take the following steps:

- Disclose the identity of the end-user to the source CRA.

- Identify to the source CRA each permissible purpose for which the report will be furnished to the end-user.

- Establish and follow reasonable procedures to ensure that reports are resold only for permissible purposes, including procedures to obtain:
  (1) the identity of all end-users;

**EXHIBIT G**

CRST002085

*Exhibit A*

    (2) certifications from all users of each purpose for which reports will be used; and
    (3) certifications that reports will not be used for any purpose other than the purpose(s) specified to the reseller. Resellers must make reasonable efforts to verify this information before selling the report.

## B. Reinvestigations by Resellers

Under Section 611(f), if a consumer disputes the accuracy or completeness of information in a report prepared by a reseller, the reseller must determine whether this is a result of an action or omission on its part and, if so, correct or delete the information. If not, the reseller must send the dispute to the source CRA for reinvestigation. When any CRA notifies the reseller of the results of an investigation, the reseller must immediately convey the information to the consumer.

## C. Fraud Alerts and Resellers

Section 605A(f) requires resellers who receive fraud alerts or active duty alerts from another consumer reporting agency to include these in their reports.

## IX. LIABILITY FOR VIOLATIONS OF THE FCRA

Failure to comply with the FCRA can result in state government or federal government enforcement actions, as well as private lawsuits. Sections 616, 617 and 621. In addition, any person who knowingly and willfully obtains a consumer report under false pretenses may face criminal prosecution. Section 619.

The FTC's Web site, www.ftc.gov/credit, has more information about the FCRA, including publications for businesses and the full text of the FCRA.

Citations for FCRA sections in the U.S. Code, 15 U.S.C. § 1681 et seq.:

| Section 602 | 15 U.S.C. 1681 | Section 615 | 15 U.S.C. 1681m |
|---|---|---|---|
| Section 603 | 15 U.S.C. 1681a | Section 616 | 15 U.S.C. 1681n |
| Section 604 | 15 U.S.C. 1681b | Section 617 | 15 U.S.C. 1681o |
| Section 605 | 15 U.S.C. 1681c | Section 618 | 15 U.S.C. 1681p |
| Section 605A | 15 U.S.C. 1681cA | Section 619 | 15 U.S.C. 1681q |
| Section 605B | 15 U.S.C. 1681cB | Section 620 | 15 U.S.C. 1681r |
| Section 606 | 15 U.S.C. 1681d | Section 621 | 15 U.S.C. 1681s |
| Section 607 | 15 U.S.C. 1681e | Section 622 | 15 U.S.C. 1681s-1 |
| Section 608 | 15 U.S.C. 1681f | Section 623 | 15 U.S.C. 1681s-2 |
| Section 609 | 15 U.S.C. 1681g | Section 624 | 15 U.S.C. 1681t |
| Section 610 | 15 U.S.C. 1681h | Section 625 | 15 U.S.C. 1681u |
| Section 611 | 15 U.S.C. 1681i | Section 626 | 15 U.S.C. 1681v |
| Section 612 | 15 U.S.C. 1681j | Section 627 | 15 U.S.C. 1681w |
| Section 613 | 15 U.S.C. 1681k | Section 628 | 15 U.S.C. 1681x |
| Section 614 | 15 U.S.C. 1681*l* | Section 629 | 15 U.S.C. 1681y |

**EXHIBIT G**

CRST002086

*Exhibit B*

All furnishers subject to the Federal Trade Commission's jurisdiction must comply with all applicable regulations, including regulations promulgated after this notice was prescribed in 2004. Information about applicable regulations currently in effect can be found at the Commission's Web site, www.ftc.gov/credit. Furnishers who are not subject to the Commission's jurisdiction should consult with their regulators to find any relevant regulations.

## NOTICE TO FURNISHERS OF INFORMATION:
## OBLIGATIONS OF FURNISHERS UNDER THE FCRA

The federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681-1681y, imposes responsibilities on all persons who furnish information to consumer reporting agencies (CRAs). These responsibilities are found in Section 623 of the FCRA, 15 U.S.C. 1681s-2. State law may impose additional requirements on furnishers. All furnishers of information to CRAs should become familiar with the applicable laws and may want to consult with their counsel to ensure that they are in compliance. The text of the FCRA is set forth in full at the Website of the Federal Trade Commission (FTC): www.ftc.gov/credit. A list of the sections of the FCRA cross-referenced to the U.S. Code is at the end of this document.

Section 623 imposes the following duties upon furnishers:

### Accuracy Guidelines
The banking and credit union regulators and the FTC will promulgate guidelines and regulations dealing with the accuracy of information provided to CRAs by furnishers. The regulations and guidelines issued by the FTC will be available at www.ftc.gov/credit when they are issued. Section 623(e).

### General Prohibition on Reporting Inaccurate Information
The FCRA prohibits information furnishers from providing information to a CRA that they know or have reasonable cause to believe is inaccurate. However, the furnisher is not subject to this general prohibition if it clearly and conspicuously specifies an address to which consumers may write to notify the furnisher that certain information is inaccurate. Sections 623(a)(1)(A) and (a)(1)(C).

### Duty to Correct and Update Information
If at any time a person who regularly and in the ordinary course of business furnishes information to one or more CRAs determines that the information provided is not complete or accurate, the furnisher must promptly provide complete and accurate information to the CRA. In addition, the furnisher must notify all CRAs that received the information of any corrections, and must thereafter report only the complete and accurate information. Section 623(a)(2).

### Duties After Notice of Dispute from Consumer
If a consumer notifies a furnisher, at an address specified for the furnisher for such notices, that specific information is inaccurate, and the information is, in fact, inaccurate, the furnisher must thereafter report the correct information to CRAs. Section 623(a)(1)(B).

If a consumer notifies a furnisher that the consumer disputes the completeness or accuracy of any information reported by the furnisher, the furnisher may not subsequently report that information to a CRA without providing notice of the dispute. Section 623(a)(3).

**EXHIBIT G**

CRST002087

*Exhibit B*

The federal banking and credit union regulators and the FTC will issue regulations that will identify when an information furnisher must investigate a dispute made directly to the furnisher by a consumer. Once these regulations are issued, furnishers must comply with them and complete an investigation within 30 days (or 45 days, if the consumer later provides relevant additional information) unless the dispute is frivolous or irrelevant or comes from a "credit repair organization." The FTC regulations will be available at www.ftc.gov/credit. Section 623(a)(8).

### Duties After Notice of Dispute from Consumer Reporting Agency

If a CRA notifies a furnisher that a consumer disputes the completeness or accuracy of information provided by the furnisher, the furnisher has a duty to follow certain procedures. The furnisher must:

- Conduct an investigation and review all relevant information provided by the CRA, including information given to the CRA by the consumer. Sections 623(b)(1)(A) and (b)(1)(B).
- Report the results to the CRA that referred the dispute, and, if the investigation establishes that the information was, in fact, incomplete or inaccurate, report the results to all CRAs to which the furnisher provided the information that compile and maintain files on a nationwide basis. Section 623(b)(1)(C) and (b)(1)(D).
- Complete the above steps within 30 days from the date the CRA receives the dispute (or 45 days, if the consumer later provides relevant additional information to the CRA). Section 623(b)(2).
- Promptly modify or delete the information, or block its reporting. Section 623(b)(1)(E).

### Duty to Report Voluntary Closing of Credit Accounts

If a consumer voluntarily closes a credit account, any person who regularly and in the ordinary course of business furnishes information to one or more CRAs must report this fact when it provides information to CRAs for the time period in which the account was closed. Section 623(a)(4).

### Duty to Report Dates of Delinquencies

If a furnisher reports information concerning a delinquent account placed for collection, charged to profit or loss, or subject to any similar action, the furnisher must, within 90 days after reporting the information, provide the CRA with the month and the year of the commencement of the delinquency that immediately preceded the action, so that the agency will know how long to keep the information in the consumer's file. Section 623(a)(5).

Any person, such as a debt collector, that has acquired or is responsible for collecting delinquent accounts and that reports information to CRAs may comply with the requirements of Section 623(a)(5) (until there is a consumer dispute) by reporting the same delinquency date previously reported by the creditor. If the creditor did not report this date, they may comply with the FCRA by establishing reasonable procedures to obtain and report delinquency dates, or, if a delinquency date cannot be reasonably obtained, by following reasonable procedures to ensure that the date reported precedes the date when the account was placed for collection, charged to profit or loss, or subjected to any similar action. Section 623(a)(5).

### Duties of Financial Institutions When Reporting Negative Information

Financial institutions that furnish information to "nationwide" consumer reporting agencies, as defined in Section 603(p), must notify consumers in writing if they may furnish or have

**EXHIBIT G**

**CRST002088**

*Exhibit B*

furnished negative information to a CRA. <u>Section 623(a)(7)</u>. The Federal Reserve Board has prescribed model disclosures, 12 CFR Part 222, App. B.

**<u>Duties When Furnishing Medical Information</u>**

A furnisher whose primary business is providing medical services, products, or devices (and such furnisher's agents or assignees) is a medical information furnisher for the purposes of the FCRA and must notify all CRAs to which it reports of this fact. <u>Section 623(a)(9)</u>. This notice will enable CRAs to comply with their duties under Section 604(g) when reporting medical information.

**<u>Duties When ID Theft Occurs</u>**

All furnishers must have in place reasonable procedures to respond to notifications from CRAs that information furnished is the result of identity theft, and to prevent refurnishing the information in the future. A furnisher may not furnish information that a consumer has identified as resulting from identity theft unless the furnisher subsequently knows or is informed by the consumer that the information is correct. <u>Section 623(a)(6)</u>. If a furnisher learns that it has furnished inaccurate information due to identity theft, it must notify each consumer reporting agency of the correct information and must thereafter report only complete and accurate information. <u>Section 623(a)(2)</u>. When any furnisher of information is notified pursuant to the procedures set forth in Section 605B that a debt has resulted from identity theft, the furnisher may not sell, transfer, or place for collection the debt except in certain limited circumstances. <u>Section 615(f)</u>.

**The FTC's Web site, <u>www.ftc.gov/credit</u>, has more information about the FCRA, including publications for businesses and the full text of the FCRA.**

Citations for FCRA sections in the U.S. Code, 15 U.S.C. § 1681 et seq.:

| Section 602 | 15 U.S.C. 1681 | Section 615 | 15 U.S.C. 1681m |
|---|---|---|---|
| Section 603 | 15 U.S.C. 1681a | Section 616 | 15 U.S.C. 1681n |
| Section 604 | 15 U.S.C. 1681b | Section 617 | 15 U.S.C. 1681o |
| Section 605 | 15 U.S.C. 1681c | Section 618 | 15 U.S.C. 1681p |
| Section 605A | 15 U.S.C. 1681cA | Section 619 | 15 U.S.C. 1681q |
| Section 605B | 15 U.S.C. 1681cB | Section 620 | 15 U.S.C. 1681r |
| Section 606 | 15 U.S.C. 1681d | Section 621 | 15 U.S.C. 1681s |
| Section 607 | 15 U.S.C. 1681e | Section 622 | 15 U.S.C. 1681s-1 |
| Section 608 | 15 U.S.C. 1681f | Section 623 | 15 U.S.C. 1681s-2 |
| Section 609 | 15 U.S.C. 1681g | Section 624 | 15 U.S.C. 1681t |
| Section 610 | 15 U.S.C. 1681h | Section 625 | 15 U.S.C. 1681u |
| Section 611 | 15 U.S.C. 1681i | Section 626 | 15 U.S.C. 1681v |
| Section 612 | 15 U.S.C. 1681j | Section 627 | 15 U.S.C. 1681w |
| Section 613 | 15 U.S.C. 1681k | Section 628 | 15 U.S.C. 1681x |
| Section 614 | 15 U.S.C. 1681l | Section 629 | 15 U.S.C. 1681y |

**EXHIBIT G**
CRST002089

*Exhibit C*

*Para información en español, visite www.ftc.gov/credit o escribe a la FTC Consumer Response Center, Room 130-A 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.*

## A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.ftc.gov/credit or write to: Consumer Response Center, Room 130-A, Federal Trade Commission, 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment -- or to take another adverse action against you -- must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identify theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, by September 2005 all consumers will be entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.ftc.gov/credit for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.ftc.gov/credit for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must

**EXHIBIT G**

**CRST002090**

*Exhibit C*

be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need — usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.ftc.gov/credit.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.ftc.gov/credit.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. Federal enforcers are:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| Consumer reporting agencies, creditors and others not listed below | Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580    1-877-382-4357 |
| National banks, federal branches/agencies of foreign banks (word "National" or initials "N.A." appear in or after bank's name) | Office of the Comptroller of the Currency Compliance Management, Mail Stop 6-6 Washington, DC 20219    800-613-6743 |
| Federal Reserve System member banks (except national banks, and federal branches/agencies of foreign banks) | Federal Reserve Board Division of Consumer & Community Affairs Washington, DC 20551    202-452-3693 |
| Savings associations and federally chartered savings banks (word "Federal" or initials "F.S.B." appear in federal institution's name) | Office of Thrift Supervision Consumer Complaints Washington, DC 20552    800-842-6929 |
| Federal credit unions (words "Federal Credit Union" appear in institution's name) | National Credit Union Administration 1775 Duke Street Alexandria, VA 22314    703-519-4600 |
| State-chartered banks that are not members of the Federal Reserve System | Federal Deposit Insurance Corporation Consumer Response Center, 2345 Grand Avenue, Suite 100 Kansas City, Missouri 64108-2638    1-877-275-3342 |
| Air, surface, or rail common carriers regulated by former Civil Aeronautics Board or Interstate Commerce Commission | Department of Transportation, Office of Financial Management Washington, DC 20590    202-366-1306 |
| Activities subject to the Packers and Stockyards Act, 1921 | Department of Agriculture Office of Deputy Administrator - GIPSA Washington, DC 20250    202-720-7051 |

**EXHIBIT G**

CRST002091

*Exhibit D*

*Para informacion en espanol, visite www.consumer.gov/idtheft o escribe a la FTC, Consumer Response Center, Room 130-B, 600 Pennsylvania Avenue, N.W. Washington, D.C., 20580.*

## Remedying the Effects of Identity Theft

You are receiving this information because you have notified a consumer reporting agency that you believe that you are a victim of identity theft. Identity theft occurs when someone uses your name, Social Security number, date of birth, or other identifying information, without authority, to commit fraud. For example, someone may have committed identity theft by using your personal information to open a credit card account or get a loan in your name. For more information, visit www.consumer.gov/idtheft or write to: FTC, Consumer Response Center, Room 130-B, 600 Pennsylvania Avenue, N.W. Washington, D.C., 20580.

The Fair Credit Reporting Act (FCRA) gives you specific rights when you are, or believe that you are, the victim of identity theft. Here is a brief summary of the rights designed to help you recover from identity theft.

1.  **You have the right to ask that nationwide consumer reporting agencies place "fraud alerts"** in your file to let potential creditors and others know that you may be a victim of identity theft. A fraud alert can make it more difficult for someone to get credit in your name because it tells creditors to follow certain procedures to protect you. It also may delay your ability to obtain credit. You may place a fraud alert in your file by calling just one of the three nationwide consumer reporting agencies. As soon as that agency processes your fraud alert, it will notify the other two, which then also must place fraud alerts in your file.

    - Equifax: 1-800-525-6285; www.equifax.com
    - Experian: 1-888-EXPERIAN (397-3742); www.experian.com
    - TransUnion: 1-800-680-7289; www.transunion.com

    An initial fraud alert stays in your file for at least 90 days. An extended alert stays in your file for seven years. To place either of these alerts, a consumer reporting agency will require you to provide appropriate proof of your identity, which may include your Social Security number. If you ask for an extended alert, you will have to provide an *identity theft report*. An *identity theft report* includes a copy of a report you have filed with a federal, state, or local law enforcement agency, and additional information a consumer reporting agency may require you to submit. For more detailed information about the *identity theft report*, visit www.consumer.gov/idtheft.

2.  **You have the right to free copies of the information in your file (your "file disclosure").** An initial fraud alert entitles you to a copy of all the information in your file at each of the three nationwide agencies, and an extended alert entitles you to two free file disclosures in a 12-month period following the placing of the alert. These additional disclosures may help you detect signs of fraud, for example, whether fraudulent accounts have been opened in your name or whether someone has reported a change in your address. Once a year, you also have the right to a free copy of the information in your file at any consumer reporting agency, if you believe it has inaccurate information due to fraud, such as identity theft. You also have the ability

**EXHIBIT G**

CRST002092

*Exhibit D*

to obtain additional free file disclosures under other provisions of the FCRA. See www.ftc.gov/credit.

3. **You have the right to obtain documents relating to fraudulent transactions made or accounts opened using your personal information.** A creditor or other business must give you copies of applications and other business records relating to transactions and accounts that resulted from the theft of your identity, if you ask for them in writing. A business may ask you for proof of your identity, a police report, and an affidavit before giving you the documents. It also may specify an address for you to send your request. Under certain circumstances, a business can refuse to provide you with these documents. See www.consumer.gov/idtheft.

4. **You have the right to obtain information from a debt collector.** If you ask, a debt collector must provide you with certain information about the debt you believe was incurred in your name by an identity thief – like the name of the creditor and the amount of the debt.

5. **If you believe information in your file results from identity theft, you have the right to ask that a consumer reporting agency block that information from your file.** An identity thief may run up bills in your name and not pay them. Information about the unpaid bills may appear on your consumer report. Should you decide to ask a consumer reporting agency to block the reporting of this information, you must identify the information to block, and provide the consumer reporting agency with proof of your identity and a copy of your *identity theft report.* The consumer reporting agency can refuse or cancel your request for a block if, for example, you don't provide the necessary documentation, or where the block results from an error or a material misrepresentation of fact made by you. If the agency declines or rescinds the block, it must notify you. Once a debt resulting from identity theft has been blocked, a person or business with notice of the block may not sell, transfer, or place the debt for collection.

6. **You also may prevent businesses from reporting information about you to consumer reporting agencies if you believe the information is a result of identity theft.** To do so, you must send your request to the address specified by the business that reports the information to the consumer reporting agency. The business will expect you to identify what information you do not want reported and to provide an *identity theft report.*

To learn more about identity theft and how to deal with its consequences, visit www.consumer.gov/idtheft, or write to the FTC. You may have additional rights under state law. For more information, contact your local consumer protection agency or your state attorney general.

In addition to the new rights and procedures to help consumers deal with the effects of identity theft, the FCRA has many other important consumer protections. They are described in more detail at www.ftc.gov/credit.

**EXHIBIT G**

CRST002093

*Exhibit E*

## CONSUMER REPORT/INVESTIGATIVE CONSUMER REPORT DISCLOSURE

In connection with your employment or application for employment (including independent contractor assignments, if applicable) and in accordance with pertinent laws, HireRight may obtain or assemble consumer reports and/or investigative consumer reports (collectively, "Reports") related to information concerning your: previous employment (including employers, dates of employment, salary information, reasons for termination, etc.), academic history, verification of references and verification of other information supplied by you, professional credentials, drug/alcohol use in violation of law and/or company policy, driving record, accident history, workers' compensation claims, credit history, creditworthiness, credit capacity, bankruptcy filings, criminal history records and information about your character, general reputation, personal characteristics and mode of living (collectively, "Information"). Information may be obtained from government agencies, educational institutions, HireRight clients, personal references, personal interviews and other information sources (collectively, "Suppliers").

Upon providing proper identification and subject to applicable legal requirements and restrictions, you have the right to request the nature and substance of all information in HireRight's files pertaining to you, as well as information including, but not limited to: (i) whether any Reports have been provided by HireRight to other parties; (ii) identification of any Suppliers utilized by HireRight in compiling such Reports; and (iii) identification of any recipients of Reports furnished by HireRight within certain statutorily-prescribed time periods preceding your request. HireRight may be contacted by mail at P.O. Box 33181, Tulsa, Oklahoma, 74153, or by phone at (800) 381-0645.

> ☐ ← Check this box if you are applying for employment in Califomia and/or you are a California resident and, in either case, you wish to receive a copy of your consumer credit report or investigative consumer report if one is obtained or assembled by HireRight.  Pursuant to the California Civil Code, during normal business hours you may view the file maintained on you by HireRight.  You may also obtain a copy of this file by submitting proper identification and paying any statutorily-prescribed costs for such file by contacting HireRight in person, by mail or by phone. HireRight is required to have personnel available to explain your file to you and must explain to you any coded information appearing in your file.  If you appear in person, a person of your choice may accompany you provided that this person furnishes proper identification.
>
> ☐ ← Check this box if you are applying for employment in Oklahoma and/or you are an Oklahoma resident and, in either case, you wish to receive a copy of your consumer report if one is obtained or assembled by HireRight.
>
> ☐ ← Check this box if you are applying for employment in Minnesota and/or you are a Minnesota resident and, in either case, you wish to receive a copy of your consumer report if one is obtained or assembled by HireRight.

If you are a Maine, Massachusetts, New York or Washington State applicant, employee or contractor, please also refer to the additional state law notices attached herewith.

## AUTHORIZATION FOR RELEASE OF INFORMATION

I hereby authorize HireRight to obtain information and disclose information to its customers ("Customers"), if applicable, for the purpose of making a determination as to my eligibility for employment (including independent contractor assignments), promotion, retention or other lawful purpose.  If hired or contracted, I authorize HireRight and HireRight Customers, if applicable, to retain this document on file to act as ongoing authorization for the procurement and assembly of Reports at any time during my employment or contract period.  As permitted by law, I fully release HireRight and Suppliers from all claims of damages related to the investigation of my background and provision of information as set forth in this document.  I agree that information in HireRight's possession and my employment history with Customers if I am hired or contracted may be supplied by HireRight to other HireRight Customers for legally permissible purposes.

By signing below, I certify that: (i) all information provided herein is complete and accurate; (ii) I have read and fully understand this disclosure and authorization for release; (iii) prior to signing I was given an opportunity to ask questions and to have those questions answered to my satisfaction; (iv) I execute this authorization voluntarily and with the knowledge that the information obtained pursuant to this authorization could affect my eligibility for employment, independent contractor status, promotion, retention or other lawful purpose; (v) I understand I may review this document with legal counsel prior to signing; (vi) I authorize HireRight and any person or entity contacted by HireRight to furnish the above-mentioned information; and (vii) facsimile or e-mail copies of this authorization are as valid as an original.

Print Applicant Name: _____  Social Security #: _____

Applicant Signature: _____  Date: _____

Applicant Address: _____  Applicant Phone Number: _____

**EXHIBIT G**

CRST002094

*Exhibit E*

## ADDITIONAL STATE LAW NOTICES

**MAINE:**  You have the right, upon request, to be informed of whether an investigative consumer report was requested, and if one was requested, the name and address of the consumer reporting agency furnishing the report.  You may request and receive from us, within five business days of our receipt of your request, the name, address and telephone number of the nearest unit designated to handle inquiries for the consumer reporting agency issuing an investigative consumer report concerning you.  You also have the right, under Maine law, to request and promptly receive from all such agencies copies of any such reports.

**MASSACHUSETTS:**  If we request an investigative consumer report, you have the right, upon written request, to a copy of the report.

**NEW YORK:**  You have the right, upon request, to be informed of whether or not a consumer report was requested.  If a consumer report is requested, you will be provided with the name and address of the consumer reporting agency furnishing the report. You may inspect and receive a copy of the report by contacting that agency.  Also attached please find additional information under Article 23-A of New York law.

**WASHINGTON STATE:**  If we request an investigative consumer report, you have the right, upon written request made within a reasonable period of time after your receipt of this disclosure, to receive from us a complete and accurate disclosure of the nature and scope of the investigation requested by us.  You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

## Notices continue on next page

**EXHIBIT G**

CRST002095

*Exhibit E*

# NEW YORK CORRECTION LAW
## ARTICLE 23-A

## LICENSURE AND EMPLOYMENT OF PERSONS PREVIOUSLY CONVICTED OF ONE OR MORE CRIMINAL OFFENSES

Section 750. Definitions.

751. Applicability.

752. Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited.

753. Factors to be considered concerning a previous criminal conviction; presumption.

754. Written statement upon denial of license or employment.

755. Enforcement.

§750. Definitions. For the purposes of this article, the following terms shall have the following meanings:

(1) "Public agency" means the state or any local subdivision thereof, or any state or local department, agency, board or commission.

(2) "Private employer" means any person, company, corporation, labor organization or association which employs ten or more persons.

(3) "Direct relationship" means that the nature of criminal conduct for which the person was convicted has a direct bearing on his fitness or ability to perform one or more of the duties or responsibilities necessarily related to the license, opportunity, or
job in question.

(4) "License" means any certificate, license, permit or grant of permission required by the laws of this state, its political subdivisions or instrumentalities as a condition for the lawful practice of any occupation, employment, trade, vocation, business, or profession. Provided, however, that "license" shall not, for the purposes of this article, include any license or permit to own, possess, carry, or fire any explosive, pistol, handgun, rifle, shotgun, or other firearm.

(5) "Employment" means any occupation, vocation or employment, or any form of vocational or educational training. Provided, however, that "employment" shall not, for the purposes of this article, include membership in any law enforcement agency.

§751. Applicability. The provisions of this article shall apply to any application by any person for a license or employment at any public or private employer, who has previously been convicted of one or more criminal offenses in this state or in any other jurisdiction, and to any license or employment held by any person whose conviction of one or more criminal offenses in this state or in any other jurisdiction preceded such employment or granting of a license, except where a mandatory forfeiture, disability or bar to employment is imposed by law, and has not been removed by an executive pardon, certificate of relief from disabilities or certificate of good conduct. Nothing in this article shall be construed to affect any right an employer may have with respect to an intentional misrepresentation in connection with an application for employment made by a prospective employee or previously made by a current employee.

§752. Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited. No application for any license or employment, and no employment or license held by an individual, to which the provisions of this article are applicable, shall be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:

(1) There is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or

**EXHIBIT G**
CRST002096

*Exhibit E*

(2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

§753. Factors to be considered concerning a previous criminal conviction; presumption.

1. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall consider the following factors:

(a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.

(b) The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.

(c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.

(d) The time which has elapsed since the occurrence of the criminal offense or offenses.

(e) The age of the person at the time of occurrence of the criminal offense or offenses.

(f) The seriousness of the offense or offenses.

(g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.

(h) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.

2. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein.

§754. Written statement upon denial of license or employment. At the request of any person previously convicted of one or more criminal offenses who has been denied a license or employment, a public agency or private employer shall provide, within thirty days of a request, a written statement setting forth the reasons for such denial.

§755. Enforcement.

1. In relation to actions by public agencies, the provisions of this article shall be enforceable by a proceeding brought pursuant to article seventy-eight of the civil practice law and rules.

2. In relation to actions by private employers, the provisions of this article shall be enforceable by the division of human rights pursuant to the powers and procedures set forth in article fifteen of the executive law, and, concurrently, by the New York city commission on human rights.

**EXHIBIT G**
CRST002097

*Exhibit F*

## CONSUMER REPORT DISCLOSURE & RELEASE
## (NON-EMPLOYMENT PURPOSES)

This is to notify you that in connection with your application for _____ consumer reports may be requested from HireRight. Such reports may contain public record information concerning your driving record, workers' compensation claims, credit, bankruptcy proceedings, criminal records, etc., from federal, state and other agencies which maintain such records.

You have the right to make a request to HireRight, upon proper identification, to request the nature and substance of all information in its files on you at the time of your request, including the sources of information and the recipients of any reports on you that HireRight has previously furnished within the two-year period preceding your request.

**I AUTHORIZE, WITHOUT RESERVATION, HIRERIGHT, AND ANY PARTY OR AGENCY CONTACTED BY HIRERIGHT, TO FURNISH THE ABOVE-MENTIONED INFORMATION.**

HireRight is authorized to disclose all information obtained to the requesting entity. By signing below, I certify that I have read and fully understand this release, that prior to signing I was given an opportunity to ask questions and to have those questions answered to my satisfaction, and that I executed this release voluntarily and with the knowledge that the information being released could affect my application for _____.

_____          _____
Print Name                                 Signature

_____          _____
Social Security Number                     Date

---

### Notice to California Applicants

Under California law, the consumer reports we order on you within the State of California are defined as investigative consumer reports. These reports may contain information on your character, general reputation, personal characteristics and mode of living. Under section 1786.22 of the California Civil Code, you may view the file maintained on you by HireRight during normal business hours. You may also obtain a copy of this file upon submitting proper identification and paying the costs of duplication services, by appearing at HireRight in person, by mail, or by telephone. HireRight may be contacted by mail at P.O. Box 33181, Tulsa, Oklahoma, 74153, or by phone at (800) 381-0645. The agency is required to have personnel available to explain your file to you and the agency must explain to you any coded information appearing in your file. If you appear in person, a person of your choice may accompany you, provided that this person furnishes proper identification.

I request to receive a free copy of any investigative consumer report ordered on me by checking this box. ☐ (California applicants only)

---

**EXHIBIT G**
CRST002098

*Exhibit G*

## Sample Pre-Adverse Action Letter - Employment

**(This letter should be provided prior to taking adverse action.)**
**(DOT positions:  Required only when applicant has applied in person.)**

Date

_____

_____

_____

Dear _____:

In evaluating your (application for employment) (continued employment) with us, we received the enclosed consumer report from HireRight.  This notification is provided because an adverse employment decision may be based, in whole or part, on this report.

You have the right to dispute the accuracy or completeness of any information in the report by contacting HireRight.   You will be asked to provide your full name, mailing address, social security number, the name of our company, and a photocopy of your driver's license and social security card for identification purposes.   You may contact HireRight at the following address or phone number:

> HireRight
> Consumer Consulting Department
> P. O. Box 33181
> Tulsa, OK  74153
> Phone (800) 381-0645

Please refer to the enclosed Summary of Your Rights under the Fair Credit Reporting Act for additional information.

Thank you for your interest in our company.

Sincerely,

_____

Enclosures

**EXHIBIT G**
**CRST002099**

*Exhibit H*

## Sample Post-Adverse Action Letter – Application for Employment

**(This notice may be provided orally, electronically, or in writing.)**

Date

_____

_____

_____

Dear Applicant:

We are writing to inform you that your application for employment with our firm has been denied. This decision was influenced in whole or in part by a consumer report prepared by HireRight. HireRight did not make this decision and is unable to provide you with the specific reasons for the decision.

You have the right to dispute the accuracy or completeness of any information in the report by contacting HireRight. You may also obtain a free copy of your consumer report directly from HireRight if you request it within sixty (60) days. You will be asked to provide your full name, mailing address, social security number, the name of our company, and a photocopy of your driver's license and social security card for identification purposes. You may contact HireRight at the following address or phone number:

> HireRight
> Consumer Consulting Department
> P. O. Box 33181
> Tulsa, OK  74153
> Phone (800) 381-0645

Sincerely,

_____

**EXHIBIT G**
**CRST002100**

*Exhibit I*

## Adverse Action Notice - Insurance

**(This notice may be provided orally, electronically, or in writing.)**

Dear _____:

This letter is to notify you that we are taking adverse action in connection with potential or existing insurance coverage based on our criteria, which includes information received from HireRight. Adverse action may include denial or cancellation of coverage, increased price or reduction of coverage, or any other unfavorable action related to the current transaction.

HireRight does not make these decisions and is unable to provide you with the specific reasons. You have the right to dispute the accuracy or completeness of any information in the report by contacting HireRight. You may also obtain a free copy of your consumer report directly from HireRight if you request it within sixty (60) days. You will be asked to provide your full name, mailing address, social security number, the name of our company, and a photocopy of your driver's license and social security card for identification purposes. You may contact HireRight at the following address or phone

> HireRight
> Consumer Consulting Department
> P. O. Box 33181
> Tulsa, OK 74153
> Phone (800) 381-0645

Sincerely,

_____

**EXHIBIT G**
CRST002101

*Exhibit J*

## Sample California Cover Letter

**(To be used when providing copies of consumer reports to California applicants/employees.)**

Date

_____
_____
_____

Dear _____ :

In evaluating your application for employment with us, we received the enclosed consumer report from HireRight. We are providing you with this copy per your request.

You have the right to dispute the accuracy or completeness of any information in the report by contacting HireRight. You will be asked to provide your full name, mailing address, social security number, the name of our company, and a photocopy of your driver's license and social security card for identification purposes. You may contact HireRight at the following address or phone number:

> HireRight
> Consumer Consulting Department
> P. O. Box 33181
> Tulsa, OK 74153
> Phone (800) 381-0645

Please refer to the enclosed Summary of Your Rights under the Fair Credit Reporting Act for additional information. [*This is recommended, but not required.*]

Sincerely,

_____

Enclosures

**EXHIBIT G**
CRST002102