**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRUCE WHITE, on behalf of himself and all others similarly situated | ) CASE NO. 1:11-CV-02615 ) |
| Plaintiffs, | ) JUDGE: JAMES S. GWIN ) ) |
| vs. | ) ) |
| CRST, INC. | ) **DEFENDANT CRST, INC.'S (N/K/A** ) **CRST EXPEDITED, INC.) OPPOSITION** ) **TO PLAINTIFF'S MOTION TO DEEM** |
| Defendant. | ) **ECF 46 AND ECF 54-1 TIMELY FILED** |

Defendant CRST, Inc. (n/k/a CRST Expedited, Inc.) ("CRST"), submits this Opposition to Plaintiff's Motion to Deem Plaintiff's Motion for Class Certification (ECF 46) and Plaintiff's Opposition to CRST's Motion for Summary Judgment (ECF 54-1) Timely Filed.

CRST respectfully submits the attached Memorandum in Support.

Respectfully submitted,

*/s/ Gregory J. Lucht*
GREGORY J. LUCHT (0075045)
JEREMY GILMAN (00014144)
DAVID M. KRUEGER (0085072)
**BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
(T):(216) 363-4500. (F): (216) 363-4588
E-mail:　glucht@beneschlaw.com
　　　　　jgilman@beneschlaw.com

*Attorneys for Defendant CRST, Inc.*

7229034 v1

**MEMORANDUM IN SUPPORT**

I. **THE TIMELY-FILED AND UNTIMELY-FILED MOTIONS FOR CLASS CERTIFICATION ARE SUBSTANTIVELY DIFFERENT**

Under this Court's Case Management Order, White's deadline to file his Motion for Class Certification ("Motion") was June 21, 2012. (ECF 30.) On June 21, White filed his Motion, however, it contained coding errors in the table of contents. (ECF 45-1.) On June 22, after the deadline, White re-filed the Motion, purportedly to correct the coding errors ("Second Motion") (ECF 46-1.) The Second Motion, however, did more than correct the coding errors. Instead, it contained additional substantive changes from the original Motion and included new evidence.

If White had simply corrected the coding error as he purported to, CRST would not have had any objection to the Second Motion. However, because of the substantive changes and new evidence, CRST moved to strike the Second Motion. (ECF 50); Loc.R. 7.1(h).

White now moves to deem the Second Motion as timely filed. (ECF 59.) In so moving, White represents to this Court that the only differences between the Motion and Second Motion are the correction of "style errors" and the inclusion of Exhibit P, which White claims could be submitted on reply or at a hearing. (ECF 59, pg. 3, n.1) Foremost, there is no basis to conclude that Exhibit P could have been supplemented at a later date as the deadline for all documentary evidence to be considered for certification was unequivocally June 21, 2012. (ECF 30.)

More importantly, White's representation that the Motion and Second Motion are otherwise the same is demonstrably false by simply comparing the memorandums. *Compare* ECF 45-1, pp. 8 ¶ 3-9, *with* ECF 46-1, pg. 8, ¶ 1 (adding new argument and cases seeking evidentiary inferences for not providing written policies); *Also Compare* ECF 45-1, pg. 7, *with* ECF 46-1, pg. 6 (rewriting Statement of Facts). Regardless of the fact that White's inference argument is wrong as CRST was responsive to all discovery requests in this suit, the Second

Motion contains substantive modifications from the timely-filed Motion, and White's representation to this Court is false.

White has now re-filed a third motion for class certification ("Third Motion"), (ECF 57), on the grounds that he misconstrued the Court's leave to file a brief in excess of fifteen pages as granting his prior motion *instanter*. The Second and Third Motions are identical, such that CRST moves the Court to strike the Third Motion on the same grounds as stated in ECF 50 due to the inclusion of new evidence and legal arguments not contained in the original Motion.

This is not an issue of "excusable neglect." The parties and this Court would not be engaged in this current exchange if White had not attempted to slip additional arguments and evidence into the Second Motion and had simply re-filed the Motion with the corrected coding as he originally claimed to. White's claim that CRST is not prejudiced does not excuse his conduct. This is not a situation where White moved for leave to file an additional Exhibit after the deadline.[1] Rather, without seeking leave of this Court, White inserted new arguments and new evidence under the auspices of a "coding error," and only (partially) admits to these discrepancies after CRST brought this issue to the Court's attention.

The issue before the Court is nowhere near as drastic as an issue of default judgment as in *Bartos*, nor would striking the Second and Third Motions imperil White's claim. Rather, CRST requests the Court to simply hold White to the Motion that he timely filed. White's duplicitous conduct should not be countenanced and the Second and Third Motions should be stricken.

---

[1] Remarkably, White cites this Court's decision in *Bartos v. Revenue Group*, No. 1:06-CV-3082, 2007 WL 892994 (N.D. Ohio March 21, 2007) in claiming there is excusable neglect. Yet, in *Bartos*, this Court denied a party's motion for leave to file an answer and entered default judgment against the party, holding that there was not excusable neglect, "even though the neglect was due solely to the neglect of its lawyers." *Id.* at *5.

## II. WHITE'S OPPOSITION TO SUMMARY JUDGMENT

On June 28, 2012, White filed his Opposition to Summary Judgment, and requested leave *instanter* to file an Opposition in excess of twenty pages.  (ECF 54.)  On July 3, 2012, this Court denied White's Motion for Leave, instructing White to file a memorandum with no more than twenty pages.  (ECF 56.)

On July 3, White filed an Opposition to CRST's Motion for Summary Judgment within the twenty page limit ("Second Opposition").  (ECF 58.)  CRST's Reply to White's Opposition is due today, July 5.  (ECF 30.)  In light of the Court's Order striking White's noncompliant Opposition, and in order to comport to the current briefing schedule, CRST has no alternative but to file its Reply today.  Notably, White's Second Opposition is still untimely as it was filed after the June 28, 2012, deadline and just two days before CRST's Reply was due.  While not waiving any arguments as the Second Opposition's untimeliness, CRST has timely filed its Reply.

CRST has endeavored to modify its Reply accordingly to be responsive to the Second Opposition and to maintain this Court's case management deadlines.  However, should CRST later discover that White has again inserted new evidence or new arguments into his Opposition, CRST objects and would request that it be granted leave to file additional briefing as to any new arguments or evidence.

## III. CONCLUSION

Accordingly, CRST requests the Court to deny White's Motion to Deem Timely Filed as to the Second and Third Motions, moves the Court to strike said Motions, and if it is later

determined that White interposed new arguments or evidence into its Opposition, that CRST be granted leave to file a Reply.

                Respectfully submitted,

                */s/ Gregory J. Lucht*
                GREGORY J. LUCHT (0075045)
                JEREMY GILMAN (00014144)
                DAVID M. KRUEGER (0085072)
                **BENESCH FRIEDLANDER**
                **COPLAN & ARONOFF LLP**
                200 Public Square, Suite 2300
                Cleveland, Ohio 44114-2378
                (T):(216) 363-4500. (F): (216) 363-4588
                E-mail: glucht@beneschlaw.com
                     jgilman@beneschlaw.com
                     dkrueger@beneschlaw.com
                *Attorneys for Defendant CRST, Inc.*

## **CERTIFICATE OF SERVICE**

  This is to certify that the foregoing document was filed electronically on the 5th day of July, 2012 in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's Filing System.

                */s/ Gregory J. Lucht*
                *One of the Attorneys for Defendant*