**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRUCE WHITE on Behalf of Himself and All Others Similarly Situated,** | |
| Plaintiff, | CASE NO. 1:11-CV-2615 |
| v. | |
| **CRST, INC.,** | UNITED STATES DISTRICT JUDGE JAMES S. GWIN |
| Defendant. | |

**STIPULATION OF SETTLEMENT**

This matter has come before this Court for approval of the terms and conditions of a Stipulation of Settlement ("Stipulation") made and entered into, as of September 21, 2012, by and among Named Plaintiff, Bruce White, on behalf of himself and the Class Members (as defined below), and Defendant CRST, Inc., nka CRST Expedited, Inc. ("CRST") (as defined below) (collectively, "Settling Parties").  This Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval ("Settlement"). The Stipulation by the parties, as represented by counsel, is as follows:

I.     **THE FAIR CREDIT REPORTING ACT LITIGATION CLAIMS**

On December 1, 2011, White filed a lawsuit in the United States District Court for the Northern District of Ohio, Eastern Division, styled *Bruce White on behalf of himself and all others similarly situated v. CRST, Inc.* Case No. 1:11-CV-2615, and later amended on April 27, 2012 ("Civil Action").  The Civil Action was filed on behalf of consumers residing in the United States who applied for employment with CRST and were the subject of a consumer report

(defined below) obtained by CRST for employment purposes. The Class Period applicable to the

Civil Action is from December 1, 2006 through July 31, 2012. The Civil Action alleges that

CRST violated certain provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

("FCRA") in connection with its use of Consumer Reports.  Specifically, the Civil Action alleges

that CRST violated the following:

1. 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide job applicants with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency;

2. 15 U.S.C. § 1681b(b)(3)(B)(i)(I) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to job applicants that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency;

3. 15 U.S.C. § 1681b(b)(3)(B)(i)(II) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to consumer that of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis);

4. 15 U.S.C. § 1681b(b)(3)(B)(i)(III) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken;

5. 15 U.S.C. § 1681b(b)(3)(B)(i)(IV) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report;  and

6. 15 U.S.C. § 1681g(c)(3) by failing to, within 3 business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification, provide the consumer a copy of a report and a copy of the consumer's rights.

The Civil Action seeks to recover statutory damages per consumer between $100.00 and $1,000.00, together with punitive damages, and attorney fees and costs. White and putative class members in the Civil Action are represented by Dennis M. O'Toole, Matthew A. Dooley, Anthony Pecora of the law firm of Stumphauzer O'Toole, and Leonard A. Bennett of Consumer Litigation Associates, P.C. ("Class Counsel"). CRST is represented by Gregory J. Lucht, Jeremy Gilman and David M. Krueger of Benesch, Friedlander, Coplan and Aronoff, LLP ("Defense Counsel").

Following the filing of the Civil Action, the Settling Parties engaged in written discovery and depositions through which CRST provided Class Counsel with information concerning among other things, the consumers who were the subject of consumer reports during the Class Period. Prior to settlement, White moved the Court for class certification and CRST moved the Court for summary judgment. Both motions were fully briefed and remained pending before the Court when the Settling Parties participated in mediation with the Honorable James Robertson (Ret.). Following in-person mediation and many subsequent negotiations through Judge Robertson, the Parties reached a preliminary settlement.

## II. CRST'S DENIAL OF WRONGDOING AND LIABILITY

CRST denies all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Civil Action. Specifically, it is CRST's position that it, in good faith, complied with the provisions of the FCRA and all other applicable laws. CRST believes the claims asserted in the Civil Action

are without merit and if the case did not settle it would prevail at trial.   Notwithstanding the denial of wrongdoing, CRST has concluded that continuing to litigate the Civil Action would be protracted and expensive, and has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Civil Action.  CRST has determined that it is desirable and beneficial to the company and its current shareholders and other stakeholders that the Civil Action be settled in the manner and on the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF CLASS MEMBERS AND BENEFITS OF SETTLEMENT

White believes that the claims asserted in the Civil Action have merit and that if the case did not settle he would prevail at trial.   However, White and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Civil Action against CRST through trial and through appeals.   White and Class Counsel also have taken into account the uncertain outcome and the risk of any litigation, including proceedings involving class certification.  White and Class Counsel believe that the settlement set forth in this Stipulation confers substantial benefits on the Settlement Class and is fair, reasonable and adequate, and in the best interests of White and the Settlement Class.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their respective attorneys, that, subject to the approval of the Court, the Civil Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Civil Action shall be dismissed with prejudice upon and subject to the terms and conditions of the Stipulation as follows:

4

## 1.  Definitions

1.1     "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq*.

1.2     "CAFA Notice" means the notice described in 4.8 below.

1.3     "Civil Action" means the lawsuit styled *Bruce White v. CRST, Inc.,* currently pending in United States District Court for the Northern District of Ohio, Eastern Division, Docket No. 1:11-CV-2615, inclusive of the amendment to the original complaint.

1.4     "Class Counsel" means Dennis M. O'Toole, Anthony R. Pecora, and Matthew A. Dooley of Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman, Co. LPA and Leonard A. Bennett of Consumer Litigation Associates, P.C.

1.5     "Class Member(s)" means any member(s) of the Preliminary Settlement Class and the Settlement Class, as set forth in 2.1 and 2.2 below, but specifically does not include those individuals who timely opt-out of the Settlement as forth in 5.5.

1.6     "Class Period" means the period from December 1, 2006 through July 31, 2012.

1.7     "Consumer Report" has the same meaning it does in the FCRA.  15 U.S.C. § 1681a(d).

1.8     "Court" means the United States District Court for the Northern District of Ohio, Eastern Division.

1.9     "Defendant" or "CRST" means CRST, Inc. (nka CRST Expedited, Inc.).

1.10    "Opt-Out" means to timely request exclusion from the Settlement pursuant to Federal Rule Civil Procedure 23(c)(2)(B).

1.11    "Effective Date" means the date on which the Judgment finally approving this Stipulation and the Settlement becomes Final.

1.12    "Final" means the date on which all appellate rights with respect to the Judgment have expired or have been exhausted in such a manner as to affirm the Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

1.13    "Final Fairness Hearing" means the hearing at which the Court will consider final approval of this Stipulation and Settlement.

1.14    "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

1.15    "Judgment" means a judgment and order of dismissal entered by the Court in the Civil Action granting final approval of the Settlement and entering a judgment according to the terms set forth in this Stipulation.

1.16    "Incentive Award" means the one-time payment to the Named Plaintiff for the time and resources he has put into representing the Class Members, as set forth in 8.4.

1.17    "Notice Order" means the order proposed and submitted by the parties as set forth in 5.1.

1.18    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.19    "Named Plaintiff" means Bruce White.

1.20    "Released Claims" means all claims set forth in the Civil Action, (including "Unknown Claims" as defined herein), demands, rights, liabilities, and causes of action under federal or state law, whether based on statutory, common law or equity, whether class or

individual in nature, known or unknown, concealed or hidden, that were alleged in the Civil Action.

1.21    "Released Defendant" means CRST and its current and former parents, subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees and/or assigns, and each of their respective present, former or future officers, directors, shareholders, agents, control persons, advisors, employees, representatives, consultants, insurers and reinsurers, accountants, attorneys, and any representative of the above.

1.22    "Settlement" means the terms and conditions of settlement as described in this Stipulation.

1.23    "Settlement Administrator" means McGladrey & Pullen, LLP, which has been selected by Class Counsel (and approved by CRST) to administer the settlement pursuant to this Stipulation and orders of the Court.

1.24    "Settlement Class" has the meaning set forth in 2.1 and 2.2 below.

1.24    "Settlement Funds" means the amounts set forth in 2.4.

1.25    "Settlement Notice" means the form of notice to be provided to the Settlement Class after preliminary approval of this Stipulation by the Court, as further described in Sections 4.1- 4.2 herein.

1.26    "Settling Parties" means Named Plaintiff and Defendant as described in 1.9 and 1.19.

1.27    "Stipulation" means this Stipulation of Settlement, including its exhibits.

1.28    "Preliminary Settlement Class" shall have the meaning set forth in 2.4 below.

1.29    "Termination Notice" shall have the meaning set forth in Section 9 below.

1.30    "Unknown Claims" means any Released Claims that Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant, which, if know by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant, or might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, on the Effective Date, White and the Released Defendant shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542 which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

White and the Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but White and each Class Member shall expressly, upon the Effective Date, be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Class Members and Released Defendant shall be deemed by operation of the Judgment to have acknowledged, that

the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and is a key element of the Settlement of which these releases are a part.

## 2.  The Settlement

2.1     For the purposes of effectuating the Settlement only, Class Members and CRST agree jointly to request that the Court certify a nationwide Preliminary Settlement Class as alleged in Plaintiff's First Amended Class Action Complaint (ECF 29). The Preliminary Settlement Class consists of all natural persons residing in the United States who applied for employment with CRST during the Class Period via facsimile, telephone, electronic mail, by regular mail, or other similar means and during the application process, and about whom CRST procured a Consumer Report and/or relied upon or used a Consumer Report in connection with the Class Members' application for employment with CRST;

2.2     On the Effective Date, the Preliminary Settlement Class set forth in 2.1 above shall become permanently certified ("Settlement Class") unless the Judgment does not become Final.

2.3     In the event the Settlement is not preliminarily and finally approved and implemented, or the Judgment does not become final, the Preliminary Settlement Class is dissolved without prejudice or inference regarding the appropriateness of class certification and thereafter the issue of class certification will be decided *de novo*, and CRST is not precluded from challenging class certification.

2.4     CRST agrees to and will cause to be paid a total sum of Four Million Two Hundred Fifty Thousand Dollars ($4,250,000.00), including attorney fees and costs, notice and administration of this settlement, and Incentive Award to the Named Plaintiff  ("Settlement Funds"), to settle all claims set forth by the Preliminary Settlement Class as defined herein.

Under no circumstances shall CRST be required to pay more than $4,250,000 under this Stipulation and settlement.  CRST agrees to and will cause the Settlement Funds to be deposited into an interest-bearing account and/or with a financial institution identified by the Settlement Administrator.  CRST shall use its best efforts to complete deposit of the balance of the Settlement Funds within thirty (30) calendar days of the Court's preliminary approval of the Settlement. Each and every Class Member who does not opt-out of this settlement (as set forth in Sections 1.10 and 5.5) will be eligible to receive monetary payment from the Settlement Funds. Class Members will be entitled to receive monetary payment from the Settlement Funds only if they timely return their claim form to the Settlement Administrator (as set forth and contained in Exhibit A).   The Settling Parties acknowledge that each Class Member who timely returns a valid claim form to the Settlement Administrator shall receive the following from the Settlement Funds:

a. **Preliminary Settlement Class (0-2 Years)** – Preliminary Settlement Class Members about whom CRST procured a Consumer Report and/or relied upon or used a Consumer Report in connection with the Class Members' application for employment with CRST between December 1, 2009 and July 31, 2012 shall receive a gross pro rata sum calculated after submitting a valid claim form, from which attorney fees and administration costs shall be deducted.  The net sum payable to these Preliminary Settlement Class Members shall not exceed Two Hundred Dollars ($200.00).

b. **Preliminary Settlement Class (3-5 Years)** – Preliminary Settlement Class Members about whom CRST procured a Consumer Report and/or

relied upon or used a Consumer Report in connection with the Class Members' application for employment with CRST between December 1, 2006 and November 30, 2009 shall receive a gross pro rata sum calculated after submitting a valid claim form, from which attorney fees and administration costs shall be deducted.  The net sum payable to these Preliminary Settlement Class Members shall not exceed One Hundred Twenty-Five Dollars ($125.00).

2.5    CRST shall not be responsible to pay any sum of money except as stated in paragraph 2.4, which encompasses Class Member recoveries, costs of administration and notice, attorney fees and incentive payments.

2.6    Upon final approval of the Settlement at the Final Fairness Hearing, the Civil Action will be dismissed with prejudice.

**3. Release**

3.1  Upon the Effective Date, each member of the Settlement Class who has not opted out of the proposed settlement, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those others who also claim through them or who assert claims on their behalf (including the government in its capacity as parens patriae) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Defendant.  The Parties hereby acknowledge that the Released Defendant is an expressly intended beneficiary of this Release.

Also, upon the Effective Date, White and each member of the Settlement Class who has not opted out of the proposed settlement shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from any of the Released Claims.

## 4. Settlement Administrator's Duties and Responsibilities

4.1     The Settlement Administrator will:   (a) take all commercially reasonable measures to obtain a current and verified address for each class member; (b.) prepare and mail notices to the Preliminary Settlement Class at their verified address, or if a verified address cannot be obtained then their last known address, in a similar form as the notice attached hereto as Exhibit A within sixty (60) days of the Court's preliminary approval of this Stipulation notifying him or her of his or her right to participate in the settlement or to object to, or opt out of, the settlement ("Settlement Notices"); (c) establish and operate the website http://www.CRSTclassaction.com ("Notice Website") to provide the Settlement Notices and other information to Class Members; (d) receive and administer claim forms from Class Members; (e) calculate the pro rata payments of Class Members; (f) seek additional information from Class Member, Class Counsel or Defense Counsel, when appropriate or necessary; (g) receive and file opt-out statements and objections; (h) respond to questions from Class Members; (i) handle and administer the disbursement of pro rata payments to Class Members;  (j) handle and administer the disbursement of payments to any *cy pres* entities as agreed to by the parties and approved by the Court as well as any disbursement of remaining funds in the Settlement Funds; and (k) perform any other duties necessary to carry out its responsibilities set forth in this Stipulation.

4.2     The Settlement Notices will be sent to the last known address that can be contemporaneously verified. Such verification shall be made through generally recognized databases (e.g. Accurint; Experian Address Update; etc.), the NCOA database and as necessary through the class member consumer credit report. To obtain this information in accordance with 15 U.S.C. § 1681b(a)(1), the Parties may jointly move the Court to permit the Settlement Administrator to obtain information from these sources. If such verified address is still unavailable, the Settlement Administrator shall be responsible to send the Notice by First Class U.S. Mail, postage prepaid to the last known mailing address available for each member Settlement Class. These postal addresses shall be checked and updated against the NCOA database.

4.3     The Settlement Administrator shall retain and track returned or undeliverable mail. In the event that more than 7% of the class notices are undelivered, Class Counsel may at their discretion petition the Court to permit an additional notice process for the class members to whom the undelivered mail was addressed.

4.4     Within thirty (30) days of the final distribution of the Settlement Funds, the Settlement Administrator will furnish a final, written accounting of all distributions from the Settlement Fund to Class Counsel and Defense Counsel.

4.5     Within sixty (60) days of the final distribution of the Settlement Funds, the Settlement Administrator will take any and all action necessary to remove and dismantle the Notice Website.

## 5. Notice of Order and Final Fairness Hearing

5.1     On execution of this Stipulation, the Settling Parties shall jointly apply to the Court for preliminary approval of the Settlement set forth in this Stipulation. It is contemplated

that this joint application will be filed on before October 5, 2012.  The Parties shall submit to the Court the Stipulation, together with its Exhibits, and shall apply for entry of an order (the "Notice Order"), substantially in the form and content of Exhibit B hereto, requesting, *inter alia*, (a) preliminary approval of the Settlement, (b) preliminary certification of the Preliminary Settlement Class, and (c) approval for the distribution of the Settlement Notice substantially in the form and content of Exhibit A hereto, and (d) a time and date for the Final Fairness Hearing. Should any Court reject or materially alter the parties' agreed upon Notice Order or Settlement Notice, then CRST will have the option to void the Settlement if the parties are unable, after good faith negotiations, to agree on a form of Notice Order and Settlement Notice acceptable to the Court.

5.2    Class Counsel and/or the Settlement Administrator shall design the Settlement Notice to maximize its readability and the likelihood that it will be read and considered by class members.

5.3    All putative class members who do not opt out or object within sixty (60) days from the date they were sent the Settlement Notice, as described in the Settlement Notice, shall be considered Class Members and shall be bound by the terms of the Settlement.  The Settling Parties shall jointly request an order from the Court permitting Class Counsel to obtain Consumer Reports regarding Preliminary Settlement Class Members for the limited purpose of identifying such Class Members' current address.  The parties acknowledge that, other than the records already produced by CRST in the Civil Action, CRST neither owns nor controls any records regarding the current addresses of any Class Members. Notwithstanding the above, CRST shall use its best efforts to assist Class Counsel in obtaining from HireRight Solutions, Inc., the names and most current addresses of job applicants about whom it obtained a Consumer

14

Report from HireRight Solutions during the Class Period.  CRST and Class Counsel shall provide such information to the Settlement Administrator upon receipt.

5.4    Each Class Member shall be informed in the Settlement Notice that he or she is entitled to the cash funds, as set forth in Section 2.4.  Checks shall be mailed to the Class Members who have timely returned their claim form within sixty (60) days from the date they were sent the Settlement Notice and have not opted out of the Settlement.  All checks mailed to Class Member shall become void 90 days after issuance. The proceeds to be paid to thereby shall not become the property of the Class Member until and unless he or she cashes the check.

5.5    A Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to Class Counsel at the address provided in the Notice. The Class Member's Opt-Out request must contain the Class Member's original signature, current postal address and a specific statement that the Class Member wants to be excluded from the Settlement Class.  Opt-Outs must be postmarked no later than the deadline set by the Court in the Preliminary Approval Order.  In no event shall persons who purport to opt out of the Settlement Class as a group, on an aggregate basis or as a class involving more than one Class Member, be considered valid Opt-Outs.  Requests for exclusion that do not comply with any of the foregoing requirement are invalid.  No later than seven (7) business days after the deadline for submission of request for exclusion of Opt-Out, the Settlement Administrator shall provide Class Counsel and Defense Counsel  with a complete list of all persons who have properly opted out of the Settlement together with copies of the opt-out requests.

5.6    Any Class Member who does not Opt Out, but who instead wishes to object to the Settlement or any matters as described in the Notice, may do so by filing with Court a notice of their intention to object (which shall set forth each objection and the basis therefore and

containing the objecting Class Member's signature), with any papers in support of their position, and serve copies of all such papers on Class Counsel and the Defendant's Counsel. Objections must be filed and served no later than the deadline set by the Court in the Preliminary Approval Order. The objection must indicate whether the Class Member and/or his attorney(s) intends to appear at the Final Fairness Hearing. Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

5.7     It is the intention of the Settling Parties to completely distribute the Settlement Funds. In the event that settlement checks mailed to Class Members are returned as undeliverable or otherwise not cashed before becoming stale or void, and/or that the Settlement Funds are not completely distributed for any reason (other than as specified in Section 9 of this Stipulation), the remaining sum shall be distributed in the following order:

a.     Two Hundred Fifty Thousand Dollars ($250,000.00) shall be divided equally among the following two *cy pres* beneficiaries: (1) University of Iowa Children's Hospital and (2) Cleveland Clinic Children's Hospital.

b.     If after the initial disbursement to *cy pres* beneficiaries, funds remain, then seventy-five percent (75%) of such funds shall be disbursed back to the entity that funded the Settlement Funds, with the remaining twenty-five percent (25%) distributed equally to the two *cy pres* beneficiaries described in paragraph 5.7(a) above.

5.8     The parties agree to seek a Final Fairness Hearing date approximately one-hundred and twenty (120) days from the date of preliminary approval of the settlement.

5.9    CRST shall cause notice of the proposed settlement that meets the requirements of CAFA, to be served on the appropriate federal and state officials no later than ten (10) days after the filing of this Stipulation with the Court ("CAFA Notice").

## 6.  Final Fairness Hearing Judgment and Notice

6.1    The Final Fairness Hearing, as established in the Notice Order, shall be for the purpose of consideration of final approval of the Settlement set forth in the Stipulation.

6.2    On or before the Final Fairness Hearing, Class Counsel will certify to the Court that they have fully complied with the notice provisions set forth Section 4.2 herein.

## 7.  Administration and Supervision of the Settlement Fund

7.1    Class Counsel, by and through the Settlement Administrator, will oversee the Settlement Notice, class administration and distributions from the Settlement Funds in accordance with this Stipulation. On completion of the administration of the Settlement, Class Counsel shall provide or cause to be provided to the Court a final, written report on the administration of the Settlement and Settlement Funds.   Defense Counsel shall have reasonable access to all documents and information relating to compliance and administration of the Settlement, with the right, but not the obligation, to review and audit the documents to determine full compliance with the terms of the Settlement.

7.2    No Person shall have any claim against Class Counsel based on the monetary payments made substantially in accordance with this Stipulation and the Settlement contained herein, or further order(s) of the Court.

**8. Class Counsel's Attorney Fees, Reimbursement of Expenses and Payment of Additional Costs**

8.1     The Settlement Administrator will pay the cost of the settlement notices and other fees and costs associated with any and all of its responsibilities under this Stipulation using the Settlement Funds, as described in Section 2.4.

8.2     In advance of the Court's deadline for submission of objections, Class Counsel shall make an application to the Court for an award from the Settlement Funds for attorney fees, costs, and other expenses in an amount not to exceed thirty-percent (30%) of the Settlement Funds.  CRST shall not oppose or object to this application.

8.3     If the award of attorney fees and expenses in the final judgment and order approving the Settlement is reversed, vacated, modified, and/or remanded for further proceedings, Class Counsel shall not be obligated to return any portion of the Settlement Funds used to fund class notice and administration of the settlement, unless a portion of those funds are left unused.

8.4     White shall receive compensation for serving as class representative in the amount of Fifteen Thousand Dollars ($15,000.00) (the "Incentive Award"), which shall be in addition to any other sum he may receive as a Class Member. This amount is payable from the Settlement Fund on the day that Judgment becomes final and unappealable.

**9. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

9.1     White or CRST, at either of their sole discretion, shall each have the right to terminate the Settlement and this Stipulation, including dissolution of the Preliminary Settlement Class, if any of the following conditions subsequently occurs ("Terminating Events"):

    a. the Court's refusal to preliminarily (pursuant to Section 4.1 above) or permanently approve this Stipulation or any material part of it;

18

b.  the Court requires a notice program in addition to or substantially different from that set forth herein;

c.  the Court orders CRST to pay attorney fees with respect to the Civil Action greater than as provided in Section 8.2;

d.  the Court orders CRST to pay, with respect to the Civil Action, any amount above the Settlement Funds, other than as provided herein;

e.  the Court declines to enter the Judgment in any material respect; or

f.  the Judgment is reversed, vacated or modified in any material respect by the Sixth Circuit Court of Appeals, the United States Supreme Court, or adverse action being taken by any other trial court or appellate court in any jurisdiction.

9.2     The Released Defendant in its sole discretion also shall have the right to terminate the Settlement and this Stipulation, including dissolution of the Preliminary Settlement Class, if more than ten percent (10%) of the Settlement Class Members elect to Opt-Out.

9.3     The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorney fees, incentive awards, costs and other expenses shall not be grounds for White, the Settlement Class, or Class Counsel, to terminate this Stipulation.

9.4.    If either party exercises their respective rights to terminate this Settlement and Stipulation pursuant to Section 9.1 or 9.2 herein, they shall terminate the Settlement and this Stipulation, including dissolving the Preliminary Settlement Class, by delivering written notice of the electing party's election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of a Terminating Event or within thirty (30) days of any event described in Section 9.2 above.  In the event that a Termination Notice is so provided, then the Settlement

and this Stipulation shall be canceled and terminated unless and until Class Counsel and Defense Counsel mutually agree in writing to proceed with the Stipulation.

9.5      In the event that the Settlement and this Stipulation are terminated as provided for herein, then (a) this Stipulation shall be null and void and of no further force and effect, including voiding the Preliminary Settlement Class; (b) the Settling Parties shall be restored to their respective positions in the Civil Action immediately prior to the execution of this Stipulation; (c) any portion of the Settlement Funds not used to fund notice and administration shall be returned to the Released Defendant together with any interest earned thereon; (d) this Stipulation shall not be used in the Civil Action or in any other proceeding for any purpose; and (e) any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

9.6      Upon the filing of the Stipulation with the Court and the Court's approval of this Stipulation, all proceedings shall be stayed until further order of the Court except such proceedings as may be necessary either to implement the Stipulation or to comply with or effectuate the terms of this Stipulation.

## 10. Final Judgment

10.1      The Parties shall jointly seek entry by the Court of a Final Judgment that includes provisions:

      a.  granting final approval of this Stipulation, and directing its implementation pursuant to its terms and provisions;

      b.  ruling on Class Counsel's application for attorney fees, costs and other expenses;

c.  discharging and releasing the Released Defendant from the Released Claims as provided in Section 3 above;

d.  directing that the Civil Action be dismissed with prejudice, and

e.  reserving to the Court continuing and exclusive jurisdiction over the parties with respect to the Stipulation and the Final Judgment.

## 11.  Miscellaneous Provisions

11.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

11.2    Neither CRST, nor Class Counsel, nor White will encourage any person to request exclusion from membership in the settlement class, encourage any person to object to the Settlement, and/or encourage or discourage any person from participating in the distribution of the proceeds of the Settlement.

11.3    Each Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.4    Class Counsel, on behalf of the Settlement Class, is expressly authorized by White to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

11.5    This Stipulation shall be binding on, and inure to the benefit of, the successors and assigns of the Settling Parties, unless it is vacated by the Court or terminated pursuant to Section 9.

11.6    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of the validity of any Released Claim, or of any wrongdoing or liability of Defendant; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission by the Released Defendant in any civil criminal or administrative proceeding in any court, administrative agency or other tribunal. Released Defendant may file the Stipulation and/or the Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.7    The Settling Parties agree that any press release or other public comment related to the Civil Action or its resolution shall be limited to a factual description of the terms of the settlement and the remaining procedural steps necessary to secure final approval.  However, prior, written approval by the Settling Parties is required before any formal press release may be published.

11.8    The Released Defendant and White agree that each has complied fully with the stricture of Rule 11 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*, and the final judgment will contain a statement to reflect this compliance.

11.9    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

11.10   This Stipulation and the Exhibits attached hereto constitute the entire agreement between the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

11.11   This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors in interest.

11.12   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Ohio and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Ohio without giving effect to the State's choice of law provisions.

11.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

11.14   This Stipulation may be executed in counterparts, including by signature transmitted by facsimile.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

11.15   The Settling Parties and their counsel agree to use their best efforts to obtain Court approval of this Stipulation subject, however, to CRST's right to terminate the Stipulation.

11.16   Except for the Settlement Notices and the CAFA Notice, all notices or formal communications under this Stipulation shall be in writing and shall be given (a) by hand delivery; (b) by registered or certified mail, return receipt requested, postage prepaid; or (c) by Federal Express or similar overnight courier to counsel for the Party to whom notice is directed at the following addresses.

For White and the Settlement Class:

Dennis M. O'Toole, Esq.
Anthony R. Pecora, Esq.
Matthew A. Dooley, Esq.
STUMPHAUZER | O'TOOLE
5455 Detroit Road
Sheffield Village, Ohio  44054

For Released Defendant:

Gregory J. Lucht, Esq.
Jeremy Gilman, Esq.
David M. Krueger, Esq.
BENESCH, FRIEDLANDER, COPLAN, AND ARONOFF LLP
200 Public Square
Suite 2300
Cleveland, Ohio 44114-2309

11.17   This Stipulation is the entire, complete agreement of each and every term agreed to by White and the Settlement Class on the one hand and Defendant and its counsel on the other hand. In entering into this Stipulation, White and the Settlement Class have not relied on any warranty or representation not specifically set forth herein.  This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and Defense Counsel.

11.18   Class Counsel and White agree to refrain from defaming the Released Defendant and its parent companies, subsidiaries, affiliates, successors, assigns, employees, directors, officers, or shareholders with respect to any issue related to this case.  Class Counsel and White agree to refrain from taking any action related to this matter intended and designed to harm the

24

public perception of the Released Defendant and its parent companies, subsidiaries, affiliates, successors, assigns, employees, directors, officers, or shareholders regarding any issue related to this case, except they may provide sworn testimony if required by an order from a court of competent jurisdiction. Released Defendant agrees to refrain from defaming White or Class Counsel regarding any issue related to this case.

11.19   The headings in this Stipulation are for the convenience of the reader only and shall not affect the meaning or interpretation of this Stipulation.

11.20   In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Stipulation shall continue in full force and effect without such provision.

11.21   None of the Parties to this Stipulation shall be considered to be the primary drafter of this Stipulation or any provision hereof for the purposes of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

11.22   This Stipulation shall be binding according to its terms upon, and inure to the benefit of, White, the Settlement Class, and the Released Defendant.

11.23   The individuals signing this Stipulation on behalf of the Released Defendant represent that they are fully authorized to enter into, and to execute, this Stipulation.  Class Counsel represent that they are fully authorized to conduct settlement negotiations on White's behalf, and to enter into, and to execute, this Stipulation on behalf of the Settlement Class, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).  White enters into and executes this Stipulation on behalf of himself, and as a representative of and on behalf of the Settlement Class, subject to court approval pursuant to Federal Rule of Civil Procedure 23(e).

11.24  Each of the Parties has had an opportunity to receive, and has received, independent legal advice from his, her or its attorneys regarding the advisability of this proposed settlement, and to answer any questions about the settlement, and the legal consequences of this Stipulation, and fully understands and accepts the terms of this Stipulation.

11.25  White, Class Counsel and the Released Defendant may execute this Stipulation in counterparts, and the execution of counterparts shall have the same effect as if all Settling Parties had signed the same instrument. Facsimile signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to this Stipulation. This Stipulation shall not be deemed executed until signed by White, Class Counsel and authorized representatives of the Released Defendant.

Submitted and Stipulated by:

| | |
|---|---|
| /s/ Matthew A. Dooley | /s/ Gregory J. Lucht |
| DENNIS M. O'TOOLE (0003274) | GREGORY J. LUCHT (0075045) |
| MATTHEW A. DOOLEY (0081482) | JEREMY GILMAN (00014144) |
| ANTHONY R. PECORA (0069660) | DAVID M. KRUEGER (0085072) |
| **STUMPHAUZER, O'TOOLE,** | **BENESCH FRIEDLANDER** |
| **McLAUGHLIN, McGLAMERY &** | **COPLAN & ARONOFF LLP** |
| **LOUGHMAN CO., LPA** | 200 Public Square, Suite 2300 |
| 5455 Detroit Road | Cleveland, Ohio 44114-2378 |
| Sheffield Village, Ohio  44054 | Telephone:     (216) 363-4500 |
| Telephone:     (440) 930-4001 | Facsimile:      (216) 363-4588 |
| Facsimile:     (440) 394-7208 | E-mail:         glucht@beneschlaw.com |
| Email:         dotoole@sheffieldlaw.com | jgilman@beneschlaw.com |
| mdooley@sheffieldlaw.com | dkrueger@beneschlaw.com |
| apecora@sheffieldlaw.com | *Attorneys for Defendant CRST, Inc.* |
| *Attorneys for Plaintiffs* | |

The Court, having reviewed the Stipulation of Settlement, approves the same and Orders the parties to proceed as agreed, and stays this Civil Action as set forth in Section 9.6 of this Stipulation.

**It is so Ordered.**

_____
JAMES S. GWIN
UNITED STATES DISTRICT COURT JUDGE