IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRUCE WHITE on Behalf of Himself and All Others Similarly Situated,**<br><br>    Plaintiff,<br>  v.<br><br>**CRST, INC.,**<br><br>    Defendant. | CASE NO. 1:11-CV-2615<br><br>UNITED STATES DISTRICT JUDGE JAMES S. GWIN |

## ORDER

WHEREAS, Plaintiff[1], Bruce White, on behalf of himself and the other Class Members in this action styled *Bruce White v. CRST, Inc.*, Case No. 1:11-CV-2615 (N.D. Ohio) (the "Civil Action") and CRST, Inc. n/k/a CRST Expedited, Inc., have entered into a Stipulation of Settlement, filed September 21, 2012 (the "Stipulation") (ECF #73), after lengthy arms-length settlement discussion;

AND, WHEREAS, the Court has received and considered the Stipulation;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Civil Action (ECF 76), and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for the same.

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Stipulation of Settlement.

1

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Civil Action as a class action on behalf of the following Class:

    > All natural persons residing in the United States who applied for employment with CRST during the Class Period via facsimile, telephone, electronic mail, by regular mail, or other similar means and during the application process, and about whom CRST procured a Consumer Report and/or relied upon or used a Consumer Report in connection with the Class Members' application for employment with CRST.

    If the settlement is not finally approved, Defendant's stipulation to the certification of the class shall be null and void *ab initio*, and may not be used or relied upon by the Plaintiff for any purpose.

2. With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met; in that: (a) the Class is so numerous that joinder of all individual Class Members in the Civil Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the class representative are typical of the claims of the Class; (d) the class representative and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiff, Bruce White, as the class representative of the Class.

4. Having considered the factors set forth in Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Dennis M. O'Toole, Matthew A. Dooley, Anthony R. Pecora and Leonard A. Bennett as Class Counsel to represent the Class.

5. The Court hereby preliminarily approves the Stipulation and terms and conditions set forth therein, subject to further consideration at the Final Fairness Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Fairness Hearing on 2/8/2013 at 8:30 AM (approximately 120 days from October 5, 2012) in the Courtroom of the Honorable James Gwin, United States District Court for the Northern District of Ohio, 801 West Superior Avenue, Cleveland, Ohio 44113 for the following purposes:

   a. finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

   b. determining whether the proposed settlement of the Civil Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

   c. considering the application of Class Counsel for an award of attorney fees and reimbursement of expenses, as provided for under the Stipulation;

      d.      considering whether the Court should enter the [Proposed] Judgment, Final Order, and Decree;

      e.      considering whether the release by the Class Members of the Released Claim as set forth in the Stipulation should be provided; and

      f.      ruling upon such other matters as the Court may deem just and appropriate.

8. The Court may adjourn the Final Fairness Hearing and later reconvene such hearing without further notice to the Class Members.

9. The Parties may further modify the Stipulation prior to the Final Fairness Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

10. Class Members must file and serve any objections to the proposed settlement no later than 60 days prior to the Final Fairness Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Settlement Notice.

11. All papers in support of the Settlement and any application for an award of attorney fees, actual out-of-pocket expenses and/or class representative incentive awards must be filed with the Court and served at least seven days prior to the deadline for submission of objections.

12. The Court approves, as to form and content, the proposed Settlement Notices and Claim Forms, which are attached as Exhibit A to the Stipulation.

13. Within 60 days of this Order, the Settlement Administrator shall provide to each Class Member the Settlement Notice and Claim Form.

14. The Court finds that the distribution of the Settlement Notice substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

15. The Court approves the designation of Class Counsel to administer the settlement through a third-party administrator. Class Counsel shall cause the dissemination of the Settlement Notices and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16. All costs administering the settlement shall by paid from the Settlement Fund, as set forth in the Stipulation.

17. As provided in the Settlement Notice, each Class Member shall have the right to exclude himself or herself form the settlement class by mailing a request for exclusion to Class Administrator postmarked no later than 60 days after mailing of the Settlement Notice. Requests for exclusion must set forth the class member's name and address. No later than seven (7) business days after the deadline for submission of request for exclusion, the Settlement Administrator shall file with the Court a list of all persons who have timely requested exclusion from the Settlement Class.

18. As provided in the Settlement Notice, each Class Member who does not timely opt out of the class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and expenses by filing written objections with the Court not later than 60 days after distribution of the Settlement Notice, and copies of the objections shall be served on Class Counsel. Failure to timely file and serve written

objections will preclude a class member from objecting at the fairness hearing. At least 10 days prior to the Final Fairness Hearing, Class Counsel shall file with the Court a copy of all objections to the settlement.

19. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Stipulation.

IT IS SO ORDERED.

Dated: October 9, 2012

s/   James S. Gwin
JAMES GWIN
UNITED STATES DISTRICT COURT JUDGE