IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRUCE WHITE on Behalf of Himself and All Others Similarly Situated**<br><br>Plaintiffs,<br><br>vs.<br><br>**CRST, INC.**<br><br>Defendant. | CASE NO. 1:11-CV-2615<br><br>UNITED STATES DISTRICT JUDGE JAMES S. GWIN |

**JOINT MOTION FOR MODIFICATION OF ORDER APPROVING STIPULATION OF SETTLEMENT (ECF 79) AND TO APPROVE PROCUREMENT OF CONSUMER REPORTS FOR SETTLEMENT ADMINISTRATION**

Plaintiff, Bruce White, and Defendant, CRST, Inc. n/k/a CRST Expedited, Inc. (collectively the "Parties") jointly move the Court for modification of its Order granting Preliminary Approval of Settlement (ECF 79) (the "Order"), pursuant to Paragraph 9 of the Order, and jointly move the Court to permit the procurement of certain Class Members' consumer reports for settlement administration, pursuant to Section 4.2 of the Stipulation of Settlement (ECF 78) and 15 U.S.C. § 1681b(a)(1).

A Memorandum in Support is attached.

Respectfully Submitted,

STUMPHAUZER | O'TOOLE

By: /s/ Matthew A. Dooley
Dennis M. O'Toole (0003274)
Anthony R. Pecora (0069660)
Matthew A. Dooley (0081482)
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone (440) 930-4001

        Fax:        (440) 934-7208
        Email:      dotoole@sheffieldlaw.com
                      apecora@sheffieldlaw.com
                      mdooley@sheffieldlaw.com
*Counsel for Plaintiff and the putative class*


BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP

By:   /s/ Gregory J. Lucht
       Gregory J. Lucht (0075045)
       Jeremy Gilman (00014144)
       David M. Krueger (0085072)
       Suite 2300, 200 Public Square
       Cleveland, Ohio 44114-2378
       Telephone:  (216) 363-4500
       Fax:           (216) 363-4588
       Email:      jgilman@beneschlaw.com
                     glucht@beneschlaw.com
                     dkrueger@beneschlaw.com
*Counsel for Defendant*

**MEMORANDUM IN SUPPORT**

**I. THE PARTIES MOVE THE COURT TO MODIFY THE ORDER TO AVOID PROCEDURAL INCONSISTENCIES IN THE SETTLEMENT ADMINISTRATION**

On October 9, 2012, the Court approved the Parties' Stipulation of Settlement (ECF 78) and entered an Order granting preliminary approval of the settlement and establishing the deadlines for settlement administration (ECF 79). Under the Order, the Settlement Administrator has until December 8, 2012, in which to prepare and mail each class member with the Settlement Notice and Claim Form. (ECF 79, pg. 4, ¶ 13). The Final Fairness Hearing will be held on February 8, 2013. (ECF 79, pg. 3, ¶ 7.)

The Order provides that class members have 60 days from the date of the Settlement Notice in which to file objections or to opt-out of the settlement. (ECF 79, pp. 5-6, ¶¶ 17-18.) If the Settlement Notice is sent on the last day under the Order (December 8, 2012), the deadline to object or to opt-out of the settlement would be February 6, 2013.

However, the Order also provides that Class Counsel must submit a copy of all objections to the settlement at least 10 days prior to the Final Fairness Hearing of February 8, 2013. (ECF 79, pg. 3, ¶ 7, pg. 6, ¶ 18.) This means that under the current terms of the settlement agreement, Class Counsel must file a copy of all objections by January 29, 2013, which would be eight (8) days _prior_ to the deadline for class members to file objections.

The Order also provides that the Settlement Administrator must file the opt-out list with the Court within seven (7) business days after the opt-out deadline. (ECF 79, pg. 5, ¶ 17.) If the Settlement Notices are distributed on December 8, 2012, which the Settlement Administrator currently believes it can likely distribute by this date, this means that the opt-out list is not due to the Court until February 15, 2012, a week after the Final Fairness Hearing.

In order to comport with the current Order so that exclusions and opt-outs may timely be determined prior to the Final Fairness Hearing and to avoid the above-outlined conflicts, the Settlement Administrator would need to send out all Settlement Notices by November 29, 2012. While Defense Counsel has endeavored to obtain the necessary information to identify Class Members, such information has been largely withheld by CRST's consumer report provider, HireRight Solution, Inc., until November 26, 2012. Thus while the Parties anticipated that notices would be sent to Class Members well before the deadline set forth in the Order, the Settlement Administrator currently projects that the Settlement Notices may be sent by December 8, 2012, which is still within the deadline for distribution of Settlement Notices. (ECF 79, pg. 4, ¶ 13.)

The Order provides that the Parties may, upon Motion, "modify the Stipulation prior to the Final Fairness Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder." (ECF 79, pg. 4, ¶ 9.) Accordingly, the Parties move the Court to modify the Order to:

- extend the deadline for Class Counsel to file a list of objections with the Court to seven (7) days <u>after</u> the expiration of the objection deadline, which would be February 13, 2013 at the latest.[1]

- order the Settlement Administrator to file a list of all opt-outs with the Court within seven (7) days after the expiration of the exclusion deadline, which would be February 13, 2013 at the latest.[2]

---

[1] This would also resolve an internal inconsistency in the Order, which also states that the deadline for Class Members to file objections is 60 days prior to the Final Fairness Hearing of February 8, 2013, would be impose an objection deadline of December 10, 2012, only two (2) days after the deadline for sending the Settlement Notices. (ECF 79, pg. 4, ¶ 10.)

[2] This would also resolve an internal inconsistency between the Stipulation of Settlement and Order. While the Stipulation of Settlement already provides that the Settlement Administrator must file a list of exclusions with the Court within seven (7) days of the exclusion deadline, (ECF 78, pg. 15, Sec. 5.5), the Order provides the list must be filed within seven (7) business days, (ECF 79, pg. 5, ¶ 17), which would be February 15, 2013.

4

- continue the Final Fairness Hearing of February 8, 2013 to a date no earlier than ten (10) days after the last date to file a copy of objections and exclusions with the Court, which would be February 22, 2013 at the earliest.

As set forth above, the Settlement Administrator estimates it will be able to send the Settlement Notices by December 8, 2012, in accordance with the current Order. Moreover, CRST has already deposited all Settlement Funds into Class Counsel's designated account for settlement administration, CRST has provided all required notices under the Class Action Fairness Act, and the proposed modification does not materially alter the terms of the settlement.

Thus, the Parties move the Court to extend the deadlines for class members to file objections and exclusions, extend the deadlines for filing of objections and exclusions with the Court, and continue the Final Fairness hearing as set forth above to avoid any procedural issues regarding Class Members' rights to object or exclude themselves.

## II. THE PARTIES MOVE THE COURT TO APPROVE THE SETTLEMENT ADMINISTRATOR TO PROCURE CLASS MEMBERS' CONSUMER REPORTS PURSUANT TO 15 U.S.C. § 1681b(a)(1)

Since the Order approving the Stipulation of Settlement of October 9, Defense Counsel has been in constant communication with Class Counsel regarding efforts to obtain the identities and mailing address of Class Members from HireRight, the consumer reporting agency that provided CRST with the consumer reports at issue in this case. While the Parties have endeavored to identify the Class Members and their mailing addresses as quickly as possible from HireRight in order to avoid the above-discussed scheduling conflicts, HireRight did not provide a complete list of Class Member names until November 26, 2012.

Moreover, Defense Counsel has recently learned that HireRight is unable to provide a complete list of mailing addresses for Class Members. There are at least 167,000 persons for whom the Parties have attempted to obtain the identity and mailing address. However, HireRight only has the mailing addresses for approximately 47,000 Class Members, a fact of which

5

HireRight did not inform Defense Counsel until November 16, 2012, over a month and a half after CRST first contacted HireRight.

In order to guard against this potential issue regarding the procurement of Class Members' mailing addresses, the Parties agreed in Section 4.2 of the Stipulation of Settlement that:

> The Settlement Notices will be sent to the last known address that can be contemporaneously verified. Such verification shall be made through generally recognized databases (e.g. Accurint; Experian Address Update; etc.), the NCOA database and as necessary through the class member consumer credit report. To obtain this information in accordance with 15 U.S.C. § 1681b(a)(1), the Parties may jointly move the Court to permit the Settlement Administrator to obtain information from these sources.

(ECF 78, Sec. 4.2); 15 U.S.C. § 1681b(a)(1) (consumer reporting agency may furnish consumer report in response to court order).

While the Parties now have the identities of Class Members, there are over 120,000 Class Members for whom the Parties do not have the mailing addresses necessary to distribute Settlement Notices. Accordingly, the Parties move the Court to permit the Settlement Administrator to obtain the necessary information from Class Members' consumer reports from one of the databases as agreed to in the Stipulation of Settlement in order to complete distribution of the Settlement Notices.

### III. CONCLUSION

Accordingly, the Parties jointly move the Court for modification of its Order granting Preliminary Approval of Settlement (ECF 79) and to permit the Settlement Administrator to procure Class Members' consumer reports pursuant to 15 U.S.C. § 1681b(a)(1) in order to complete distribution of the Settlement Notices.

Respectfully Submitted,

STUMPHAUZER | O'TOOLE

By: /s/ Matthew A. Dooley
Dennis M. O'Toole (0003274)
Anthony R. Pecora (0069660)
Matthew A. Dooley (0081482)
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone (440) 930-4001
Fax: (440) 934-7208
Email: dotoole@sheffieldlaw.com
apecora@sheffieldlaw.com
mdooley@sheffieldlaw.com
*Counsel for Plaintiff and the putative class*

BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP

By: /s/ Gregory J. Lucht
Gregory J. Lucht (0075045)
Jeremy Gilman (00014144)
David M. Krueger (0085072)
Suite 2300, 200 Public Square
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Fax: (216) 363-4588
Email: jgilman@beneschlaw.com
glucht@beneschlaw.com
dkrueger@beneschlaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I have, on this 27th day of November, 2012, electronically filed the Joint Motion for Modification of Order Approving Stipulation of Settlement (ECF 79) and to Approve Procurement of Consumer Reports for Settlement Administration. using the CM/ECF system, which automatically sends email notification to the attorneys of record.

/s/ Matthew A. Dooley
Matthew A. Dooley
*Counsel for Plaintiff and the putative class*