Scott Mondrow

January 27, 2013

Clerk of the Court
United States District Court for the
Northern District of Ohio
801 West Superior Avenue
Cleveland, OH 44113

Re: <u>Bruce White et al v. CRST, Inc., Case No. 1:11-cv-2615</u>

To the Clerk of the Court:

I am a member of the class in the above-captioned lawsuit. My claim is #250963.

I am writing to object to the settlement for the following reason: There should be more than one class representative in this multi-million dollar lawsuit that alleges egregious violations of the Federal Fair Credit Reporting Act. I have been a member of classes in several class action lawsuits. There are commonly ten to fifteen class representatives. I do not believe that just one class representative comports with Federal Rules of Civil Procedure 23(4), which requires that the representative parties fairly and adequately protect the interests of the class, as I more fully set forth below.

I request that the Court appoint me a class representative in addition to Mr. Bruce White. Furthermore, since there would only be two class representatives, I further request that the fee for the services of each class representative be increased to $100,000.

I note that Mr. Bruce White is a member of both subclasses identified in the Complaint, the disclosure subclass and the adverse action subclass. I believe that I am only a member of the disclosure subclass, having been offered a position by CRST and never been informed of any adverse action. By including as a class representative an individual who is only a member of the disclosure subclass, this Court will send the message that the alleged violations of the Federal Fair Credit Reporting Act are of such importance that even those who did not have adverse action taken against them still had their rights violated and are entitled to remedial action.

Furthermore, the Complaint does not disclose the number of class members in the each of the subclasses, and I surmise that the number of class members who are only in the disclosure subclass is far greater than those class members who are in both subclasses. Therefore, a class representative who is only a member of the disclosure subclass is a more typical class member and therefore better represents the class as a whole. Indeed, it is unclear if the number of class members who are in both subclasses, such as Mr. Bruce White, is so numerous such the that joinder of members who are in both subclasses would

1

be impracticable and even warrant a class action lawsuit at all. Notably, class counsel relies on the nature of the violations of Mr. Bruce White's rights to demonstrate the egregiousness of the harm caused by CRST (see Complaint, paras. 7-14). *It is far from clear whether this class action lawsuit would have even been approved by the Court had class counsel only relied on the violation of rights of a representative from the disclosure class alone.*

As a member of the class whose rights have been allegedly harmed by CRST, I believe that granting the above request is only fair. It is de minimis in the face of over a million dollars in fees that will be earned by class counsel, who are obviously the true party of interest in this lawsuit.

I request that the Court not approve the proposed settlement until this matter is satisfactorily addressed. I can be reached at           or via email at

Sincerely,

Scott Mondrow

cc:
Dennis M. O'Toole
Stumphauzer O'Toole
5455 Detroit Road
Sheffield Village, OH 44054

Gregory J. Lucht
Benesch, Friedlander, Coplan & Aronoff, LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378