**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BRUCE WHITE, on Behalf of Himself and All Others Similarly Situated** | |
| Plaintiff, | CASE NO. 1:11-CV-2615 |
| vs. | UNITED STATES DISTRICT JUDGE JAMES S. GWIN |
| **CRST, INC.** | |
| Defendant. | |

## DECLARATION OF MATTHEW A. DOOLEY

I, Matthew A. Dooley, declare:

1.       My name is Matthew A. Dooley.  I am over the age of 18, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2.       I am a partner with the law firm of Stumphauzer, O'Toole, McLaughlin and Loughman Co. LPA, a multiple attorney law firm with its principal office located at 5455 Detroit Road, Sheffield Village, Ohio 44054, and also co-lead counsel among the five attorneys in my firm that have been working on behalf of the Plaintiff in the above styled litigation

3.       Since 2006, I have been and presently am a member in good standing of the Bar of the highest court of the State of Ohio, where I regularly practice law.  I have also been admitted to practice before and am presently a member in good standing of the Bars of the following courts:

| Court: | Date Admitted: |
|---|---|
| Florida State Bar | 2005 |

EXHIBIT B

| | |
|---|---|
| United States Court of Appeals for the<br>Sixth Circuit | 2008 |
| United States District Court for the<br>Northern District of Ohio | 2008 |
| United States District Court for the<br>Southern District of Ohio | 2009 |
| United States District Court for the<br>Western District of Tennessee | 2011 |
| United States District Court for the<br>Western District of New York | 2012 |

I have been admitted *pro hac vice* in jurisdictions across the country including Kentucky, Tennessee, Missouri, Arizona, Oregon, California and Florida.  I have never been denied admission by any court.

4.  Class Counsel has spent over 1,445 hours litigating this case for over one (1) year. Class Counsel incurred out-of-pocket expenses exceeding $15,000.00.

5.  Class Counsel is seeking a fee award of $1,275,000.00, which is 30% of the total common fund. The percentage sought in this action is within the range of fee award percentages approved in other class settlement cases involving FCRA claims. The percentage sought is reasonable not only because the risks Class Counsel undertook in accepting this case given its contingent nature, but also because of the quality of representation provided to the class and the exceptional results achieved.

6.  Furthermore, the reasonableness of the percentage requested is confirmed by a cross check under the lodestar method, as demonstrated by the following information regarding Class Counsel's hourly rates and time spent.

7.  The unadjusted lodestar for Class Counsel is $509,008.50. If the Court approves an award of all litigation expenses in the amount of $15,394.63, the requested common fund fee is reduced to $1,259,605.37.  The multiplier for the full hours as detailed would be 2.47. The reasonableness of the hourly rate of Class Counsel, reasonableness of the time spent litigating the

EXHIBIT B

case, contingent nature of the fee award, the novelty and complexity of the issues in this case, and Class Counsel's skill and expertise displayed in presenting them, demonstrate that a multiplier is appropriate and the fees requested are reasonable.

| Counsel | Hourly Rate |
|---|---|
| Leonard A. Bennett | $475.00 |
| Dennis M. O'Toole | $450.00 |
| Susan M. Rotkis | $375.00 |
| Matthew A. Dooley | $350.00 |
| Anthony R. Pecora | $350.00 |
| Frank S. Carlson | $195.00 |
| Joseph J. Bott | $165.00 |

8.     The Court can appreciate that litigating a high stakes case against a well-funded corporate defendant represented by an excellent law firm in an unsettled area of law is not appealing to most lawyers, particularly when the plaintiff's counsel must finance the litigation. This case was taken on a contingent basis and was not a case undertaken lightly. The risk of advancing all potential costs in this type of litigation were considerable, especially in light of the fact that the firm is relatively small in comparison to law firms that routinely defend these types of proceedings.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this 21st day of February, 2013.

Matthew A. Dooley

EXHIBIT B